En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Betzaida Valentín<br>      Demandante–Recurrida<br><br>                    V.<br><br>Housing Promoters, Inc.<br>      Demandado–Peticionario | Certiorari<br><br>98TSPR129 |

Número del Caso: CC-97-253

Abogados de la Parte Peticionaria: Lcda. Marta Elisa González
                                   Lcda. Ayra L. Ortiz Resto
                                   Lcdo. Jaime Sifre Rodríguez

Abogado de la Parte Recurrida:     Lcdo. Héctor A. Cortés Babilonia

Tribunal de Instancia: Superior de Utuado

Juez del Tribunal de Primera Instancia: Hon. Nélida Jiménez Velázquez

Tribunal de Circuito de Apelaciones: Circuito Regional III Panel I

Juez Ponente: Hon. Rivera Pérez

Fecha: 10/9/1998

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Betzaida Valentín

        Demandante-Recurrida

                v.                          CC-97-253          Certiorari

Housing Promoters, Inc.

        Demandado-Peticionario

PER CURIAM

San Juan, Puerto Rico a 9 de octubre de 1998

Comparece ante nos, mediante petición de certiorari, la demandada Housing Promoters, Inc., solicitándonos que revoquemos la sentencia emitida el 18 de marzo de 1997 por el Tribunal de Circuito de Apelaciones, archivada en autos copia de su notificación el 26 de marzo del mismo año. En dicha sentencia el foro apelativo revocó una orden del Tribunal de Primera Instancia mediante la cual se admitió la contestación a la querella en el caso de epígrafe. El fundamento aducido por el Tribunal apelativo es que la contestación fue presentada fuera del término dispuesto para ello.

I

El 18 de diciembre de 1995, al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de

octubre de 1961, 32 L.P.R.A. § 3118, *et seq*, la señora Betzaida Valentín presentó una querella por alegado despido injustificado contra Housing Promoters, Inc. Alegó que trabajó como Administradora de Proyecto con la querellada desde el 16 de agosto de 1991 hasta el 15 de septiembre de 1995, <u>fecha en que fue despedida por razón de su sexo y en violación a las leyes que protegen a las madres obreras</u>.

El 19 de julio de 1996, se diligenció el emplazamiento contra la querellada, Housing Promoters, Inc., por conducto de su recepcionista. Sin embargo, este emplazamiento fue declarado defectuoso por no haber sido recibido por un oficial, gerente administrativo, agente general o agente autorizado por nombramiento o designado por ley para recibir emplazamientos en nombre de la demandada. En consecuencia, el tribunal ordenó que se emplazara nuevamente a la querellada. En cumplimiento de esta orden, el 23 de octubre de 1996, se emplazó a la querellada por conducto de su presidente.

Seis (6) días más tarde, el 31 de octubre de 1996, la parte querellada presentó contestación a la querella en su contra. Sin embargo, este escrito le fue devuelto con un memorando con fecha del 6 de noviembre de 1996, en el que se le notificó que se le devolvía el documento por faltar un sello de Rentas Internas por la cantidad de $10.00 y un sello forense por la cantidad de $1.00. Finalmente, el 21 de noviembre de 1996, veintinueve (29) días luego de haber sido emplazada por segunda vez, la querellada volvió a presentar la contestación a la querella, esta vez con los sellos correspondientes.

Así las cosas, el 25 de noviembre de 1996, la parte querellante solicitó que se dictara sentencia en rebeldía contra la parte querellada por ésta no haber contestado la querella en su contra dentro del término establecido por ley. El Tribunal de Primera Instancia, mediante orden notificada el 3 de diciembre de 1996, denegó la petición de la querellante y admitió la contestación a la querella presentada el 21 de noviembre de 1996.

Es precisamente esta última orden la que revocó el Tribunal de

Circuito de Apelaciones en la sentencia que hoy revisamos. El foro apelativo fundamentó su decisión en que la querellada presentó su contestación fuera de término sin haber solicitado prórroga para ello ni haber expuesto los motivos de su tardanza bajo juramento. Según dicho tribunal, la referida omisión tuvo el efecto de privar al Tribunal de Instancia de jurisdicción para conceder la mencionada prórroga, por lo que no podía admitir la contestación a la querella pasado el término dispuesto en ley para su presentación.

## II

Hemos reconocido en el pasado la importancia que tiene para nuestro sistema judicial que los tribunales inyecten rapidez a todos los procedimientos ante su consideración mediante el establecimiento de normas jurisprudenciales claras, precisas y consistentes. En particular, le hemos brindado singular importancia a este principio en aquellos trámites especiales para los cuales, por razones de política pública, los otros poderes constitucionales han establecido procedimientos sumarios especiales. Tal es el caso del procedimiento establecido para reclamaciones laborales en la Ley Núm. 2 de 17 de octubre de 1961, 31 L.P.R.A. § 3114 *et seq*, cuya esencia y médula es el procesamiento sumario y la rápida disposición. Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975); Srio. del Trabajo v. J. C. Penney Co., Inc., 119 D.P.R. 660 (1987); Mercado Cintrón v. Zeta Communications, Inc., op. del 7 de abril del 1994, 94 JTS 50.

Por otro lado, también hemos expresado en numerosas ocasiones que las leyes, incluyendo la Ley Núm. 2, no se interpretan ni se aplican en el vacío. Por eso, aun ante casos que parezcan ser iguales, a veces los hechos exigen tratamientos distintos en aras de conseguir un resultado justo. Esto se traduce a que en ocasiones aplicaremos una disposición enérgicamente y en otras seremos más flexibles. Román Cruz v. Díaz Rifas, 113 D.P.R. 500 (1982). Refiriéndonos específicamente a la interpretación de la Ley Núm., 2, en Srio. del Trabajo v. J. C. Penney Co., Inc., *supra* a la pág. 669, dijimos: "No hay duda de que no procede

una interpretación inflexible de las disposiciones de la citada Ley Núm. 2 de 1961, según enmendada".

### III

La sección 3 de la citada Ley Núm. 2 dispone en lo pertinente:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a éste si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictara sentencia en su contra, sin más citarle ni oírle. **Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a éste si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar.** (Énfasis suplido.)

Luego, la sección 4 de la misma ley, reza:

> Si el querellado no radicara su contestación a la querella en la forma y el término dispuestos en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado.

De lo anterior se desprende claramente que el incumplimiento con los términos para la contestación de una querella exige que el tribunal conceda el remedio solicitado por la parte querellante, a menos que dentro de dicho término la parte querellada presente una solicitud de prórroga juramentada en la que exponga los hechos que la justifican.

Interpretando esta norma, hemos dicho que, de ordinario, los tribunales de instancia tienen el deber de darle estricto cumplimiento al procedimiento sumario de esta ley y que carecen de jurisdicción para conceder prórrogas en casos en que no se cumpla con lo ordenado. Este es un mandato legislativo que generalmente no está sujeto a la discreción del tribunal. Mercado Cintrón v. Zeta Communications, Inc., *supra*. Sin embargo, como hemos adelantado, hay casos excepcionales que justifican un trato distinto.

Uno de los casos excepcionales en que se justifica flexibilizar la aplicación de la Ley Núm. 2 es cuando surgen del mismo expediente las

causas que justifican la dilación en la radicación de la contestación de una querella. En estos casos, aun cuando no se le solicite, el Tribunal puede, motu proprio y en el ejercicio de su discreción, conceder una extensión al término para contestar la querella si entiende que al así hacerlo evitará un fracaso de la justicia. En tal caso, nuestra función revisora estará limitada a determinar si el Tribunal de Instancia ha abusado de su discreción.

**IV**

La Sección 15 de la citada Ley Núm. 2, 32 L.P.R.A., sec. 3132, dispone en su primer párrafo lo siguiente:

> **Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio.**

Lo anterior significa que las alegaciones que se presentan al amparo del procedimiento sumario dispuesto por el mencionado estatuto, no cancelan sellos de rentas internas ni de índole otra alguna. Tomamos conocimiento judicial de que algunos de los Secretarios[as] Generales de nuestros tribunales, por error o inadvertencia, incurren en la práctica de cobrar derechos por la presentación de tales alegaciones cuando la causa de acción incluye como remedio adicional a la reinstalación, la compensación de los daños sufridos por motivo de un despido discriminatorio al amparo de cualquiera de los estatutos remediales que proscriben tal práctica, como sucede en este caso. Es por tal motivo que en el epígrafe de la querella presentada en el caso de marras se hizo constar que la misma era sobre "despido ilegal e injustificado y daños y perjuicios". Es probable que esta última frase ("daños y perjuicios") confundió al Secretario[a] induciéndole a exigir el pago de los derechos de presentación mediante la cancelación de los correspondientes sellos de rentas internas y el sello forense. Dicha actuación fue ilegal por ser contraria a lo dispuesto en el mencionado estatuto[1].

Aun cuando la parte querellada no adujo este fundamento ante el

---

[1] No obstante reconocemos, tomando también conocimiento judicial de ello, que la gran mayoría de los Secretarios[as] Generales observan rigurosamente la disposición transcrita.

tribunal de primera instancia[2] somos de opinión que dicho tribunal correctamente hizo uso de su discreción al convalidar la posterior presentación de la contestación a la querella después de haber expirado el término dispuesto por el estatuto para ello. De este modo dicho tribunal reconoció implícitamente que la querellada fue diligente al presentar oportunamente su contestación a la querella y que fue la actuación errónea de los propios funcionarios del tribunal, al no proceder a la radicación de dicha contestación y devolver la misma a la representación legal de la parte querellada, lo que dio lugar a la segunda presentación, esta vez tardía, de la misma.

Al así actuar, tal tribunal no hizo otra cosa que reconocer el principio de que su función como adjudicador es la de dilucidar las controversias ante su consideración en un juicio plenario, con todas las garantías de un debido proceso de ley, con el propósito de descubrir la verdad y así llegar a una solución justa. La anotación de rebeldía del querellado, a la luz de los hechos y circunstancias particulares de este caso, ciertamente no conduciría a un resultado justo.

Considerando tales hechos y circunstancias, concluimos que el Tribunal de Primera Instancia no abusó de su discreción. Procede, pues, que dictemos sentencia para revocar la sentencia del Tribunal de Circuito de Apelaciones y a devolver el caso al foro de instancia para la continuación de los procedimientos en forma compatible con lo resuelto.

---

[2] Tampoco lo hizo ante el Tribunal de Circuito de Apelaciones, ni ante este Foro. Ello no impide que tomemos en cuenta el mismo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Betzaida Valentín

Demandante-Recurrida

v.     CC-97-253     Certiorari

Housing Promoters, Inc.

Demandado-Peticionario

SENTENCIA

San Juan, Puerto Rico a 9 de octubre de 1998

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia revocando la dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al foro de instancia para la continuación de los procedimeintos en forma compatible con lo aquí resuelto.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita. El Juez Asociado señor Corrada del Río no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo