# 2006 DTA 109

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE HUMACAO
PANEL XII**

HÉCTOR R. OCASIO SANABRIA
Demandante-Peticionario

v.

CONSOLIDATED WASTE SERVICES CORP.
Demandada-Recurrida

Núm. KLCE-06-00546

San Juan, Puerto Rico, a 21 de agosto de 2006

Panel integrado por su Presidente, el Juez Martínez Torres,
el Juez Aponte Jiménez y la Juez Cotto Vives

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos Héctor R. Ocasio Sanabria y nos solicita la revisión de una orden emitida por el Tribunal de Primera Instancia, Sala de Humacao (Hon. Rafael Angel Flores Díaz, Juez), el 10 de abril de 2006 y notificada el día 12 de ese mismo mes y año. En la referida orden, el tribunal a *quo* aceptó la contestación a la querella presentada por la parte querellada-recurrida y señaló una vista sobre el estado de los procedimientos para el 19 de junio de 2006.

Por los fundamentos que a continuación expondremos, expedimos el auto de *certiorari*, pero a los únicos efectos de ordenar la anotación de rebeldía al Sr. Ocasio en cuanto a la causa de acción por despido injustificado y la celebración de una vista para determinar la cuantía de la mesada. No obstante, denegamos en cuanto a la causa de acción por daños y perjuicios. La misma deberá ser encausada por el procedimiento civil ordinario. El foro *a quo* deberá celebrar lo antes posible la vista en rebeldía para impartirle a este asunto la premura con que debe ser atendido dado su carácter sumario.

### I

El 28 de febrero de 2006, el querellante-peticionario, Ocasio Sanabria, demandó a la querellada-recurrida, Consolidated Waste Services Corp. (en adelante, ConWaste), bajo el procedimiento sumario de reclamaciones laborales que dispone la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 *et seq*. La demanda fue presentada en el distrito judicial de Humacao. En la misma, el querellante-peticionario alegó violación a la política de reserva del empleo por licencia militar al amparo de la Ley Núm. 13 de 2 de octubre de 1980, según enmendada, 29 L.P.R.A. sec. 811 *et seq*. La querellada-recurrida fue debidamente emplazada el 17 de marzo de 2006.

El 23 de marzo de 2006, ConWaste presentó una moción de solicitud de prórroga, en la que solicitó al Tribunal que le concediera un término adicional de 20 días para contestar la querella. No la juramentó. Dado lo anterior, el querellante-peticionario presentó una solicitud de anotación de rebeldía, el 29 de marzo de 2006. En la misma, alegó que la querellada-recurrida no presentó su contestación a la querella dentro del término de 10 días que dispone la Ley Núm. 2, *supra*. Indicó que, por tratarse de una reclamación laboral al amparo del procedimiento sumario, la querellada tenía 10 días para presentar su contestación o solicitar una prórroga exponiendo los motivos que fundamenten su solicitud. Posteriormente, ConWaste presentó su contestación a la querella.

A renglón seguido, el tribunal a *quo* emitió la orden recurrida, en la que aceptó la contestación a la querella presentada por ConWaste y señaló una vista sobre el estado de los procedimientos para el 19 de junio de 2006.

Inconforme con dicha determinación, el querellante-peticionario acude ante nos mediante el presente recurso en el que alega haber errado el Tribunal de Primera Instancia al aceptar la contestación a la querella presentada por la peticionaria conforme a lo dispuesto en la Ley Núm. 2; y al no ordenar la anotación y sentencia en rebeldía contra la parte querellada.

### II

La Ley Núm. 2, *supra*, establece un procedimiento sumario para los casos de reclamaciones instadas por

obreros y empleados contra sus patronos por servicios prestados. Esto responde a la política pública clara e inequívoca establecida por el Estado de abreviar dicho procedimiento, de manera que sea lo menos oneroso posible para el obrero. *Ríos v. Industrial Optics*, 155 D.P.R. 1, 10 (2001); *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 D.P.R. 483, 492 (1999). La médula del trámite lo constituye el procesamiento sumario y la rápida disposición de la reclamación. *Ríos v. Industrial Optics, supra; Valentín v. Housing Promoters, Inc.*, 146 D.P.R. 712, 716 (1998); *Santiago v. Palmas del Mar Properties*, 143 D.P.R. 886, 891 (1997); *Díaz v. Hotel Miramar, Corp.*, 103 D.P.R. 314, 316 (1975). Las normas establecidas en dicha ley lo que intentan es evitar que el patrono dilate innecesaria y viciosamente los procedimientos judiciales, sin negar una pronta y justa solución para ambas partes. *Ríos v. Industrial Optics, supra*, a la pág. 10; *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912, 923 (1996).

La sección 3 de la referida Ley Núm. 2, *supra*, sec. 3120, establece que, una vez presentada la querella, la parte querellada deberá radicar su contestación por escrito, [d]entro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellada o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.

Como norma general, los tribunales tienen la obligación de darle estricto cumplimiento al procedimiento sumario de la Ley Núm. 2, *supra*, y no tienen jurisdicción para conceder prórrogas en los casos en que no se cumplan con las disposiciones de ésta. *Ocasio v. Kelly Servs., Inc.*, Opinión de 20 de enero de 2005, 163 D.P.R. ____ (2005), **2005 J.T.S. 9**, pág. 639; *Valentín v. Housing Promoters, Inc., supra*, a las págs. 717-718. De ordinario, este mandato no está sujeto a la discreción del tribunal. *Ocasio v. Kelly Servs., Inc., supra; Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737, 742 (1994). No obstante, se han reconocido casos excepcionales en que se justifica flexibilizar la aplicación de la Ley Núm. 2, *supra*, como por ejemplo, cuando del mismo expediente surgen las causas que justifican la dilación en la presentación de la contestación de una querella. *Ibíd.* En estos casos, aun cuando no se le solicite, el tribunal puede *motu proprio* y en el ejercicio de su discreción, conceder una extensión al término para contestar la querella si entiende que al así hacerlo evitará un fracaso de la justicia. *Valentín v. Housing Promoters, Inc., supra*, a la pág. 718.

De todo lo anterior se desprende que, de ordinario, para que el Tribunal de Primera Instancia pueda conceder una prórroga para contestar a la parte querellada en una reclamación al amparo de la Ley Núm. 2, *supra*, dicha parte debe haber presentado una moción de prórroga jurada de cuya faz surja causa justificada para concederla. Además, la referida moción debe presentarse dentro del término concedido por la ley para contestar la querella. *Ocasio v. Kelly Servs., Inc., supra*, a la pág. 639; *Ruiz v. Col. San Agustín*, 152 D.P.R. 226, 234 (2000); *Valentín v. Housing Promoters, Inc., supra*, a la pág. 717.

Por su parte, la Sección 4 de la misma ley dispone, en lo pertinente:

*"Si el querellado no radicara contestación a la querella en la forma y en el término dispuesto en la sec. 3120 de este título, el juez dictará sentencia contra la parte recurrida, a instancias del querellante, concediendo el remedio solicitado. En este caso, dicha sentencia será final y de la misma no podrá apelarse; Disponiéndose, sin embargo, que el querellado podrá acudir del Tribunal...correspondiente...en que se haya originado la reclamación al Tribunal [de Apelaciones], dentro de los diez (10) días siguientes a la notificación de la sentencia para que se revisen los procedimientos."*

Conforme a esta Sección 4, la regla general es que el incumplimiento con los términos para la contestación de

una querella exige que el tribunal conceda el remedio solicitado por la parte querellante, a menos que dentro de dicho término la parte querellada presente una solicitud de prórroga juramentada en la que exponga los hechos que la justifican. *Ruiz v. Col. San Agustín, supra,* a la pág. 234; *Ocasio v. Kelly Servs., Inc., supra,* a la pág. 639; *Valentín v. Housing Promoters Inc, supra,* a la pág. 717.

En *Ocasio v. Kelly Servs., Inc., supra,* a la pág. 639, el Tribunal Supremo señaló que la Sección 4 de la Ley Num. 2, *supra,* limita la discreción que al amparo de la Regla 45 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45, tiene un juez para decidir si el caso debe o no tramitarse en rebeldía. *Rivera Rivera v. Insular Wire Products Corp., supra,* a las págs. 931-932. A tal efecto, dicho foro señaló que debemos recurrir a las disposiciones específicas y normas interpretativas sobre la sentencia en rebeldía bajo la Regla 45 de Procedimiento Civil, *supra,* que no estén en conflicto con la Ley Num. 2. *Ibíd.*

En lo pertinente, el Tribunal Supremo señaló en *Ocasio v. Kelly Servs., Inc., supra,* **2005 J.T.S. 9**, a la pág. 640, lo siguiente:

*"Hemos reiterado en numerosas ocasiones que la consecuencia jurídica de la anotación en rebeldía es que se admitan como ciertos todos y cada uno de los hechos correctamente alegados. [citas omitidas.]*

*Ahora bien --de conformidad con la Regla 45.2(b) de Procedimiento Civil, ante, y en relación con el descargo de los tribunales de su función adjudicativa en un pleito en rebeldía--, hemos expresado que, "el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba." [Cita omitida.]. Esto es, si un tribunal necesita, para poder dictar sentencia en rebeldía, comprobar la veracidad de cualquier alegación, o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas. [Cita omitida.]"*

En cuanto a la adjudicación de un pleito en rebeldía, bajo el procedimiento sumario de la Ley Núm. 2, *supra,* el Tribunal Supremo ha resuelto que las alegaciones concluyentes y las determinaciones de derecho, al igual que los hechos alegados incorrectamente, no son suficientes para sostener una determinación de responsabilidad del patrono. *Ocasio v. Kelly Servs., Inc., supra; Ruiz v. Col. San Agustín, supra,* a la pág. 237.

*"Aunque el procedimiento sumario de la Ley Núm. 2, limita el uso de las reglas procesales y sitúa al patrono en una posición procesal más onerosa que la del obrero, este no es, ni puede ser, una `carta en blanco´ para la concesión de remedios a obreros que no han justificado adecuadamente, mediante alegaciones o prueba, hechos que avalen su derecho a lo reclamado". Ocasio v. Kelly Servs., Inc., id.,* a la pág. 640. [citas omitidas.] Por lo tanto, un tribunal de instancia no podrá, automáticamente, dictar sentencia en rebeldía cuando de las alegaciones no surja que el querellante tiene derecho al remedio solicitado. En el descargo de su función judicial, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas para comprobar cualquier alegación. *Ruiz v. Col. San Agustín, supra,* a la pág. 236.

No obstante, de decidir dictar sentencia en rebeldía, ésta será final y no podrá apelarse; solamente se establece el derecho a ir en alzada, dentro de los diez días siguientes a la notificación de la sentencia, para la revisión del trámite procesal. Por eso, se ha resuelto que el recurso apropiado de revisión en estos casos es el *certiorari* especial que dispone la Ley Núm. 2, *supra.* Véase, *Santiago v. Palmas del Mar Properties, Inc., supra,* a la pág. 901.

Además, es preciso señalar que la facultad revisora de este foro en relación con los dictámenes interlocutorios emitidos en un procedimiento sumario instado al amparo de la Ley Núm. 2, *supra,* es limitada. En *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 D.P.R. 483, 497 (1999), se estableció que, de ordinario, debemos abstenernos de ejercer nuestra facultad revisora sobre ese tipo de dictamen, en protección de la sumariedad y celeridad del proceso, las cuales son la esencia y médula del trámite fijado por la Ley Núm. 2, *supra.* Como consecuencia, la

parte que pretenda impugnar el dictamen interlocutorio deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido.

No obstante, la aludida norma no es absoluta. Como excepción a la misma se encuentran aquellos supuestos en que el dictamen interlocutorio se dictó de forma *ultra vires* sin jurisdicción y los casos en los cuales los fines de la justicia requieren la intervención del foro apelativo. Es decir, procede intervenir en aquellos casos en que la revisión inmediata, en la etapa interlocutoria disponga del caso o ayude a su pronta disposición en forma definitiva, o cuando dicha revisión inmediata tenga el efecto de evitar una "*grave injusticia*" (miscarriage of justice"). Apreciamos que el caso de autos es uno enmarcado dentro de las excepciones a la regla general.

## III

Del expediente ante nos, surge que el Tribunal de Primera Instancia adquirió jurisdicción sobre la querellada-recurrida el 17 de marzo de 2006 —cuando fue emplazada— y fue a partir de ese momento que comenzó a transcurrir el término dispuesto por la Ley Núm. 2, *supra,* para contestar la querella. Así pues, dicha parte tenía diez días para presentar su alegación responsiva, conforme lo establece la sección 3 de la referida ley, *supra.* Por lo tanto, el último día hábil que tenía ConWaste para contestar la querella era el 27 de marzo de 2006 y no fue hasta el mes de abril ▮ que la presentó. Sin bien es cierto que la querellada-recurrida presentó una solicitud de prórroga a los seis días de presentarse la querella, la realidad es que la misma no estuvo juramentada, así como tampoco se expusieron las causas que justificaban la solicitud.

El Tribunal Supremo ha indicado que, de ordinario, los tribunales de primera instancia tienen el deber de darle estricto cumplimiento al procedimiento sumario de esta ley. Se trata de un mandato legislativo que generalmente no está sujeto a la discreción del tribunal. *Ocasio v. Kelly Servs., Inc., supra; Mercado Cintrón v. Zeta Com., Inc., supra.*

Este caso no presenta un cuadro de circunstancias especiales que permitan aplicar con flexibilidad los términos rigurosos de la Ley Núm. 2, *supra.* En su escrito ante nos, ConWaste indica que la razón por la cual el foro de instancia aceptó su contestación tardía a la querella es debido a que en dicho escrito le solicitó al tribunal que, dada la complejidad del caso, procedía que éste se acogiera bajo el procedimiento ordinario. Lo correcto habría sido que la solicitud para que el procedimiento fuera tramitado por la vía ordinaria se hiciera en la moción de prórroga, para que fuera el propio tribunal quien determinara si procedía o no el cambio en el trámite del caso y si concedía o no la prórroga solicitada por el querellado. En cambio, ConWaste, sin permiso del tribunal, prorrogó el término para contestar la querella, obviando así el estricto cumplimiento del procedimiento sumario de la Ley Núm. 2, *supra.* Este argumento de la parte querellada-recurrida no es válido y en modo alguno constituye la justa causa que requiere la Ley Núm. 2, *supra*, para que se pueda prorrogar el término estricto de diez días para contestar. No presenta tampoco las circunstancias especiales que permiten hacer una excepción a la ley.

En resumen, en este caso, el Tribunal de Primera Instancia no le dio estricto cumplimiento a las disposiciones de la Ley Núm. 2, *supra.* El foro de instancia aceptó la contestación a la querella a pesar de que habían transcurrido más de los diez días que dispone la referida ley para contestar sin que la parte querellada-recurrida hubiese presentado previamente una moción de prórroga debidamente juramentada exponiendo los motivos que justificaban su dilación. El tribunal no tenía discreción para proceder así.

Conforme a la normativa antes expuesta, resolvemos que el Tribunal de Primera Instancia no tenía facultad para aceptar la contestación a la querella fuera del plazo de diez días y denegar la anotación de rebeldía. Por lo tanto, lo que procede en este caso es que se le anote la rebeldía al Sr. Ocasio en cuanto a la reclamación de despido injustificado y se celebre una vista para determinar la cuantía de la mesada correspondiente, dado el hecho de que el querellante-peticionario no alegó cantidad alguna en su reclamación. Le corresponderá entonces a éste el peso de la prueba.

## IV

Por otro lado, el querellante-peticionario en la querella —además de la mesada—, reclamó una partida por daños alegadamente sufridos como consecuencia de las alegadas violaciones de su patrono a las Leyes Núm. 80, *supra*, y Núm. 13, *supra*.

Como regla general, un obrero contratado por tiempo indeterminado que es despedido injustificadamente sólo tiene derecho al remedio provisto en la Ley Núm. 80, *supra*. *Segarra Hernández v. Royal Bank of P.R.*, 145 D.P.R 178, 192 (1998); *Acevedo Santiago v. Western Digital Caribe, Inc.*, 140 D.P.R. 452 (1996); *Porto y Siurano v. Bentley P.R., Inc.*, 132 D.P.R. 331 (1992); *Arroyo v. Rattan Specialties Inc.*, 117 D.P.R. 35, 65 (1986); *Rivera v. Security National Life Ins.*, 106 D.P.R. 517, 527 (1977). Sin embargo, en *Rivera v. Security National Life Ins.*, 106 D.P.R. 517, 527 (1977), se reconoció que el remedio exclusivo de la Ley Núm. 80, *supra*, no excluye una reclamación de responsabilidad civil de un patrono si ésta emana de una fuente independiente al despido del empleado. Posteriormente, en *Arroyo v. Rattan Specialties Inc.*, *supra*, se delimitó el alcance de la excepción a la regla general y se adoptó la norma de que el obrero no puede estar limitado al remedio exclusivo de la Ley Núm. 80, *supra*, cuando el despido se hace con el propósito y la intención de frustrar o subvertir, o tiene el efecto de frustrar o subvertir una clara política pública. Se aclaró que la Ley Núm. 80, *supra*, no puede operar para privar al obrero de los remedios apropiados para vindicar eficazmente sus derechos constitucionales. *Segarra Hernández v. Royal Bank of P.R.*, *supra*, a la pág. 747; *Acevedo Santiago v. Western Digital Caribe, Inc.*, *supra*, a la pág. 878.

En el caso de marras, el Sr. Ocasio —además de reclamar una indemnización por despido injustificado al amparo de la Ley Núm. 80, *supra*—, reclamó daños y perjuicios por alegados sufrimientos y angustias mentales sufridas como consecuencia de la violación de su patrono a las Leyes Núms. 80 y 13, *supra*. No obstante, en virtud de la normativa antes expuesta, queda claro que cuando un obrero que es contratado sin tiempo determinado y que es despedido injustificadamente, sólo tiene derecho al remedio contemplado en la Ley Núm. 80, *supra*. La referida ley establece específicamente los remedios disponibles para el empleado despedido injustificadamente. Ante una conducta de un patrono, prevista y sancionada por legislación especial de índole laboral, el empleado solamente tiene derecho al remedio que dicha ley disponga, sin poder acudir al Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, en busca de compensación adicional. *Rivera v. Security Nat. Life Ins. Co.*, 106 D.P.R. 517 (1977). Por lo tanto, en este caso no procede la reclamación por daños al amparo de la Ley Núm. 80, *supra*. Tampoco la Ley Núm. 13, *supra*, contempla una indemnización por este concepto. 29 L.P.R.A. sec. 811 *et seq*.

No empece a esto, somos de la opinión que la acción por daños podría ser indemnizable al amparo del Artículo 1802, *supra*. Será función del tribunal, una vez el querellante peticionario presente su prueba, determinar si procede o no la reclamación por daños. En tal caso, dicha reclamación se daría en función de las actuaciones antijurídicas del patrono independientes al hecho del despido que resulten indemnizables al amparo de nuestro ordenamiento jurídico. Claro está, si luego de que el querellante-peticionario presente toda su prueba queda demostrado que tan sólo hubo un despido injustificado y que no mediaron actuaciones antijurídicas independientes compensables al amparo del Artículo 1802, *supra*, dicho obrero tan sólo tendría derecho a los remedios provistos en las Leyes Núms. 80 y 13, *supra*. Una vez determinado que la reclamación por daños —de ser procedente— sería al amparo del Artículo 1802, *supra*, es forzoso concluir que no procedería anotarle la rebeldía al querellante-peticionario en cuanto a esta causa de acción en específico, ya que el querellado-recurrido contestó la querella dentro de los 20 días siguientes de haberse presentado. En la causa de acción por daños y perjuicios, el procedimiento sumario se convirtió en uno ordinario. Por lo tanto, no incidió el tribunal a *quo* al aceptar la contestación a la demanda, pero sólo en lo que se refiere a las alegaciones por despido injustificado.

## V

Por los fundamentos anteriormente expuestos, expedimos el auto de *certiorari*, pero a los únicos efectos de ordenar la anotación de rebeldía a ConWaste en cuanto a la causa de acción por despido injustificado y la celebración de una vista para determinar la cuantía de la mesada. El foro a *quo* deberá celebrar lo antes posible la

vista en rebeldía para impartirle a este asunto la premura con que debe ser atendido dado su carácter sumario.

Por otro lado, determinamos que el Tribunal de Primera Instancia no erró al aceptar la contestación a la demanda y denegar la anotación de rebeldía en cuanto a la causa de acción por daños y perjuicios. Esa causa de acción deberá ser encausada por el procedimiento civil ordinario. A tal fin, el tribunal deberá decidir primero, luego de escuchar a las partes, si la referida causa de acción está disponible para el demandante.

Así lo acordó y ordena el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Mildred I. Rodríguez Rivera
Sub-secretaria Tribunal de Apelaciones

**ESCOLIO 2006 DTA 109**

**1.** Se desconoce la fecha exacta en que dicho escrito fue presentado, debido a que la copia incluida en el apéndice no tiene el ponche de la Secretaría del Tribunal de Primera Instancia. El escrito tampoco especifica el día del mes en que se preparó el documento.