Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ANGÉLICA BONILLA CARMONA<br><br>Apelante<br><br>v.<br><br>ENCORE GLOBAL SOLUTIONS, LLC; JOHN DOE; ASEGURADORAS A, B, C; COMPAÑÍAS X, Y, Z<br><br>Apelada | KLCE202400957 | *Certiorari* acogido como Apelación<br>Procedente del Tribunal de Primera Instancia, Sala de CAROLINA<br><br>Caso Núm.:<br>CA2024CV00024<br><br>Sobre:<br>Art. 1802 Código Civil 1930; Ley Núm. 44 del 22 de julio de 1985, según enmendada; Ley Núm. 115 del 20 de diciembre de 1991, según enmendada; Ley Núm. 100 del 30 de junio de 1959, según enmendada; Ley Núm. 2 del 17 de octubre de 1961, según enmendada (Procedimiento Sumario). |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2024.

El 5 de septiembre de 2024, la señora Angélica Bonilla Carmona (en adelante, señora Bonilla o apelante) instó ante este Tribunal de Apelaciones un recurso de *Certiorari*, el cual acogemos como un recurso de *Apelación*. En este, nos solicita que revoquemos la *Sentencia* dictada el 16 de agosto de 2023, y notificada el 26 de agosto del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario). Mediante el aludido dictamen, el foro primario desestimó la *Demanda* por insuficiencia en el emplazamiento.

Evaluado el expediente, y por las razones más adelante dadas, revocamos el dictamen recurrido.

Número Identificador

SEN2024 _____

-I-

El 7 de enero de 2024, la señora Bonilla instó *Demanda* contra Encore Global Solutions LLC (en adelante, Encore o apelado) sobre despido injustificado, discrimen por razón de impedimento, represalias, acoso laboral y daños y perjuicios. Todas las reclamaciones, se sometieron al amparo del procedimiento sumario provisto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA *3118 et seq.*, (en adelante, Ley Núm. 2-1961).

El 6 de febrero de 2024, la apelante presentó ante el foro recurrido una *Moción Solicitando Expedición de Emplazamientos*. Al día siguiente, su solicitud fue atendida ordenándose a la Secretaría del tribunal expedir los emplazamientos. Consecuentemente, el 9 de febrero de 2024, la Secretaría certificó haber expedido los emplazamientos a la parte querellada.

Así las cosas, el 7 de mayo de 2024, sin someterse a la jurisdicción del tribunal, Encore presentó *Comparecencia Especial en Contestación a "Demanda"*. En lo pertinente, allí levantó sus defensas afirmativas, discutió y negó las alegaciones de la demanda, incluyéndose falta de jurisdicción sobre la persona, falta de jurisdicción sobre la materia y la insuficiencia del diligenciamiento del emplazamiento. Mas adelante, con fecha del 14 de mayo del año en curso, Encore, presentó dos mociones dispositivas: *Solicitud de Desestimación debido a Falta de Jurisdicción Sobre la Materia*[1] y *Solicitud de Desestimación por Insuficiencia en la Notificación del Emplazamiento.*[2]

---

[1] Allí, solicitó la desestimación de la acción al amparo de la Ley Núm. 90 de 7 de agosto de 2020, al aducir que la señora Bonilla no acreditó haber acudido al Negociado de Métodos Alternos del Poder Judicial previo a presentar su reclamación ante el TPI, según exige el referido estatuto. Debido a esto, Encore reclamó que el foro primario estaba privado de atender la causa de acción por no haberse agotado el mecanismo alterno de mediación y solicitó la desestimación de la causa de acción conforme a lo dispuesto por la referida Ley y a la Regla 10.2(1) de las Reglas de Procedimiento Civil de 2009. 32 LPRA Ap. V.

[2] En este escrito solicitó al foro primario tomar conocimiento de la Demanda instada en el caso Civil Núm. CA2023CV02784 por la señora Bonilla y en su contra- sobre los mismos hechos por los que reclama en el pleito de epígrafe. Informó, también que dicho caso fue desestimado sin perjuicio por insuficiencia en el emplazamiento. Ahora bien, en su escrito, Encore alegó que el emplazamiento expedido en el caso de epígrafe falló en notificar efectivamente el término para presentar la alegación responsiva. Esto, debido a que el

Ese día, también solicitó la conversión del procedimiento de autos en uno ordinario.[3] En cuanto a esto, arguyó que la señora Bonilla acogió incorrectamente el procedimiento de sumario laboral provisto por la Ley Núm. 2-1961, considerando que, acumuló causas de acciones no laborales y partes no patronales en su reclamación. También, argumentó que, dado las circunstancias del caso, Encore tenía que realizar un descubrimiento de prueba más abarcador que lo permitido por las restricciones procesales de la Ley Núm 2-1961, por lo que dicho procedimiento no era el apropiado ni aplicable al caso. Asimismo, arguyó que permitir la acumulación indebida de los codemandados en un procedimiento sumario laboral no solo sería injusto para Encore y violatorio de su debido proceso de ley, sino que también sería completamente contrario al propósito de la Ley Núm. 2-1961.

Estimamos importante destacar que en cada uno de los antes mencionados escritos, Encore expresó comparecer "sin someterse a la jurisdicción del tribunal". Similar expresión incluyó en la *Solicitud para que se resuelva sin oposición la Comparecencia Especial en Solicitud de Conversión al Procedimiento Ordinario,* que presentó el 27 de mayo de 2024 y en la *Solicitud de Orden para que se resuelva sin oposición las Solicitudes de Desestimación,* que sometió el 4 de junio de este año. Mediante respectivas órdenes emitidas el 4 de junio de 2024, el TPI dio por sometidas, la solicitud de conversión al procedimiento ordinario y las solicitudes de desestimación que Encore presentó.

Después de esto, específicamente el 26 de junio de 2024, Encore solicitó que el Tribunal se expresara acerca de los distintos escritos que había sometido y que estaban pendiente de resolverse. Entiéndase: su *Solicitud de Desestimación debido a Falta de Jurisdicción de la Materia,* su *Solicitud de Desestimación por Insuficiencia en la Notificación del Emplazamiento,*

---

emplazamiento informaba contar solo con 10 días para someter la contestación, cuando el término correcto aplicable a la situación de hechos es 15.

[3] Entrada Núm. 10 SUMAC.

y su *Comparecencia Especial en Solicitud de Conversión al Procedimiento Ordinario.*

El 26 de agosto de 2024, el Tribunal emitió la *Sentencia* recurrida. En dicho dictamen, tomó conocimiento judicial del litigio predecesor, así como de los demás documentos que obran en el expediente. De igual manera, tras exponer el derecho aplicable, el foro recurrido concluyó que el emplazamiento expedido y notificado a Encore era defectuoso e insuficiente puesto que el término allí notificado para contestar la Demanda, así como el número de sala en el que se informó se ventilaba el proceso era errado. Según el TPI, estos errores en el emplazamiento constituían una crasa insuficiencia del emplazamiento diligenciado a Encore y una violación al debido proceso de ley de dicha parte.

De otra parte, el foro primario destacó que no era la primera vez que la apelante era apercibida sobre las consecuencias de un emplazamiento defectuoso pues el pleito la señora Bonilla había presentado contra Encore fue desestimado sin perjuicio por insuficiencia en el emplazamiento. Mencionado lo anterior, el foro primario decretó que carecía de jurisdicción sobre la persona de Encore por insuficiencia del emplazamiento y que, ante la falta de jurisdicción sobre el apelado, cualquier pronunciamiento sería nulo en derecho, por tanto, el TPI no atendió las controversias restantes. Por estas razones, desestimó con perjuicio y archivó la causa de acción contra Encore.

Inconforme, el 5 de septiembre de 2024, la señora Bonilla presentó la petición de *Certiorari* de epígrafe y como único error señaló que el TPI se equivocó al desestimar la Demanda por falta de jurisdicción por deficiencias en el emplazamiento. Atendido este escrito, el 9 de septiembre de 2024 y notificado el 10 de septiembre del año en curso, emitimos una *Resolución* en la cual acogimos el recurso presentado como uno de *Apelación*. A su vez, se le concedió un término de veinte (20) días a la parte apelada

para presentar su posición. Cumpliendo con lo ordenado, el 30 de septiembre del año en curso, la parte apelada presentó el *Alegato de la Parte Apelada*.

-II-

A.

La Ley Núm. 2-1961, 32 LPRA 3118 *et seq.*, instituye un mecanismo sumario para lograr "la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios." Santiago Ortiz v. Real Legacy et al., 206 DPR 194 (2021); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 732 (2014). Acorde con la normativa imperante, el carácter acelerado del proceso es la médula del estatuto. Bacardí Corp. v. Torres Arroyo, 202 DPR 1014, 1019 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 265 (2018).

Mediante esta herramienta expedita, la Asamblea Legislativa creó las siguientes limitaciones procesales:

(1) términos cortos para la contestación de la querella presentada por el obrero o empleado;

(2) criterios para la concesión de una sola prórroga para contestar la querella;

(3) un mecanismo para el emplazamiento del patrono querellado;

(4) el procedimiento para presentar defensas y objeciones;

(5) criterios para la aplicación de las Reglas de Procedimiento Civil;

(6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba;

(7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante;

(8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella; y

(9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. Medina Nazario v. McNeil Healthcare LLC, *supra*, pág. 732; Rivera v. Insular Wire Products Corp., 140 DPR 912, 923-924 (1996).

El aludido componente parlamentario también reguló a través de la Sec. 3 de la Ley Núm. 2-1961, 32 LPRA sec. 3120, la manera en que las partes y el tribunal deben proceder durante la tramitación del proceso laboral sumario. Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 930 (2008). De modo tal, que el legislador delimitó por medio de ese precepto legal "el alcance de la autoridad de los tribunales." *Íd.*

Conforme con la antedicha Sección, el patrono presentará la contestación por escrito dentro de los diez (10) días siguientes a la notificación, si esta se hiciere en el distrito judicial en que se promueve la acción y en quince (15) días en los demás casos. Sec. 3 de la Ley Núm. 2-1961, supra. El estatuto también permite a la parte querellada solicitar una prórroga dentro del término provisto para presentar la contestación. Vizcarrondo Morales v. MVM, Inc., *supra.*

De esta manera, la Ley Núm. 2-1961 regula en esos casos el modo en cómo debe formularse dicha petición. *Íd.* A esos fines, el estatuto exige que el patrono cumpla con varios criterios adicionales para formular su solicitud, a saber:

    (1) que se juramente la moción;

    (2) que se especifiquen los motivos que justifican su concesión, y

    (3) que la moción se notifique a la parte querellante. *Íd.*

En ningún otro caso tendrá jurisdicción el tribunal para conceder esta prórroga. Sec. 3 de la Ley Núm. 2-1961, supra. Asimismo, que el empleador cumpla con los criterios antes transcritos, el tribunal no se encuentra obligado de conceder la prórroga. Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 931. Esa determinación dependerá de si la parte querellada demuestra en moción la existencia de una causa justificada para la dilación. *Íd.*

De igual forma, el Alto Foro Judicial ha expresado que, si del expediente surgen causas que justifiquen la dilación en la presentación de

la contestación del reclamo, pueden flexibilizarse en casos excepcionales la aplicación de la ley. Valentín v. Housing Promoters, Inc., 146 DPR 712, 718 (1998). En esos casos, "aun cuando no se le solicite, el tribunal puede, *motu propio* y en el ejercicio de su discreción, conceder una extensión al término para contestar la querella si entiende que al así hacerlo evitará un fracaso de la justicia". *Íd.* De encontrarnos ante esa situación, "nuestra función revisora estará limitada a determinar si el tribunal de instancia ha abusado de su discreción". Íd. De manera que, si el empleador no contesta según corresponda ni solicita prórroga juramentada a esos fines, el juez, a instancias de la parte querellante, "dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle". Sec. 4 de la Ley Núm. 2-1961, 32 LPRA sec. 3121.

El patrono que no haga acción afirmativa a los fines de contestar la querella ocasiona como consecuencia ordinaria la anotación del mecanismo de rebeldía. Santiago Ortiz v. Real Legacy et al., *supra*; Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 935. No obstante, el descargo de la función judicial "no es sinónimo ni garantía de que el tribunal dictará una sentencia a favor del obrero." Santiago Ortiz v. Real Legacy et al., *supra*; Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 937. La sentencia emitida a esos fines será final y no podrá apelarse. Sec. 4 de la Ley Núm. 2-1961, *supra*.

B.

El emplazamiento tiene el propósito primordial de notificar de forma sucinta y sencilla a la parte demandada, que existe una acción en su contra para así garantizarle la oportunidad de comparecer en el juicio, ser oído y presentar prueba en su defensa. Torres Zayas v. Montano Gómez et als., 199 DPR 458, 467 (2017). Este mecanismo procesal le permite al tribunal adquirir jurisdicción sobre el demandado, de forma tal que éste quede obligado por el dictamen que finalmente emita. Bernier González v.

Rodríguez Becerra, 200 DPR 637, 644 (2018); Torres Zayas v. Montano Gómez et als. *supra*, pág. 467.

Para que se adquiera jurisdicción *in personam* sobre una parte, se requiere que el demandado sea notificado adecuadamente de la demanda en su contra. Bernier González v. Rodríguez Becerra, *supra*. Por tanto, no es hasta que se logra diligenciar el emplazamiento y se adquiere jurisdicción sobre la persona, que esta puede ser considerada propiamente parte; aun cuando, "haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal". Torres Zayas v. Montano Gómez et als., *supra;* Sánchez Rivera v. Malavé Rivera, 192 DPR 854 (2015).

La falta de un correcto emplazamiento a la parte contra la cual un tribunal dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. Dicho de otro modo, toda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional. Torres Zayas v. Montano Gómez et als., *supra,* págs. 468-469.

Ahora bien, existen ocasiones en las que un demandado se somete voluntariamente a la jurisdicción del tribunal. Esto, puede ocurrir cuando cumple voluntariamente con las órdenes del tribunal y, a solicitud de éste, presenta documentos pertinentes dirigidos a dilucidar la reclamación que incoada en su contra.[4] Así, la sumisión voluntaria suple la omisión del emplazamiento y tiene el efecto de que el tribunal adquiera jurisdicción sobre la persona. Tal sometimiento puede ocurrir de forma explícita o implícita y puede ocurrir cuando se comparece voluntariamente y se realiza algún acto sustancial que la convierte en parte del pleito. Sánchez Rivera v. Malavé Rivera, 192 DPR 854 (2015).

-III-

---

[4] Vázquez v. López, 160 DPR 714 (2003)

Con el fin de impugnar la *Sentencia* apelada, la señora Bonilla señala que el TPI incidió al desestimar la demanda por falta de jurisdicción de la persona de Encore por deficiencia en el emplazamiento. Argumenta que dicha parte se sometió voluntariamente a la jurisdicción del Tribunal al haber realizado descubrimiento de prueba, y levantado otras alegaciones y/o defensas. A su vez, respecto a cualquier alegado defecto del emplazamiento, alegó que la Regla 4.1 de Procedimiento Civil delega al Secretario la responsabilidad de expedir el emplazamiento, por lo que la Secretaría debió haberse percatado del error de forma señalado a la hora de expedir el emplazamiento. Asimismo, alega que el emplazamiento fue generado por SUMAC, hace referencia al procedimiento sumario de la Ley Núm. 2-1961 y afirma que cualquier error de forma no es sustancial o no es imputable a ella. Por último, la señora Bonilla argumenta que dada las acciones llevadas por Encore en el pleito, dicha parte se sometió voluntariamente a la jurisdicción del foro primario.

Encore por su parte, defiende la desestimación al afirmar que la decisión respondió a la dejadez de la apelante. De otra parte, negó que procediera entenderse que se sometió voluntariamente a la jurisdicción del tribunal, puesto que, en cada una de sus comparecencias, manifestó acudir sin sometimiento alguno. Estudiado el legajo apelativo, discrepamos.

Según se aprecia del recuento sobre el tracto procesal detallado en el acápite -I- de esta Sentencia, en reiteradas ocasiones, Encore compareció ante el TPI haciendo la salvedad que no se sometía a su jurisdicción. De este modo, por ejemplo, el 7 de mayo de 2024, sometió su contestación a la *Demanda*. Aunque allí, levantó defensas afirmativas tales como la falta de jurisdicción de la persona y la insuficiencia del emplazamiento, también simultáneamente presentó alegaciones para refutar lo aseverado por la parte apelante en sus méritos. A saber, alegó que despidió a la señora

Bonilla por razones legítimas y no discriminatorias o represivas[5]; arguyó que no tolera violaciones a sus normas y políticas corporativas, incluyendo aquellas sobre acoso laboral, hostigamiento sexual, represalias y violencia[6]; argumentó que no discrimina por razón o categoría protegida alguna; cuestionó la suficiencia de las alegaciones de la *Demanda*; y aseveró que la apelante no tiene derecho a recibir indemnización por ningún concepto.[7]

De igual modo, en su *Comparecencia Especial en Solicitud de Conversión al Procedimiento Ordinario*, el 14 de mayo de 2024, presentó argumentos entrando en los méritos de la demanda nuevamente pues arguyó que la apelante indebidamente se acogió al procedimiento sumario laboral provisto por la Ley Núm. 2-1961 al acumular causas de acción no laborales y partes no patronales e inclusive, reclamó tener derecho a realizar un descubrimiento de prueba amplio y liberal.

Por otra parte, de la *Minuta* de la *Conferencia Inicial* del 20 de junio de 2024, se desprende que la señora Bonilla informó haber remitido un interrogatorio a la parte apelada el 13 de mayo de 2024. A pesar de estar vencido, allí Encore le respondió que necesitaba cinco días adicionales para poder contestar el mismo. Igualmente, el apelado expresó que le cursó a la señora Bonilla un aviso de toma de deposición *duces tecum*, el 16 de mayo de 2024 y que coordinó una deposición para el 28 de junio de 2024 a la parte apelante.

A pesar de que Encore alega no haberse sometido voluntariamente a la jurisdicción del TPI, ciertamente su participación en el pleito fue una constante y activa. Tan es así que, inclusive, activó herramientas conducentes a realizar descubrimiento de prueba. Es forzoso pues concluir que Encore realizó actos sustanciales mediante los cuales se sometió

---

[5] Inciso 16 de la *Comparecencia Especial en Contestación a "Demanda"*, pág. 101.
[6] Incisos 17-19 de la *Comparecencia Especial en Contestación a "Demanda"*, pág. 102.
[7] Incisos 20, 48 y F de la *Comparecencia Especial en Contestación a "Demanda"*, págs. 102, 107-108.

tácitamente a la jurisdicción del TPI que suplieron cualquier omisión o error en el emplazamiento expedido. Por todo esto, concluimos erró el foro primario al determinar que carece de jurisdicción sobre el apelado y desestimar con perjuicio el caso de autos.

-IV-

Por los fundamentos antes expuestos, **revocamos** la *Sentencia* emitida. Asimismo, se devuelve el caso al Tribunal de Primera Instancia, Sala de Carolina, para que atienda la *Solicitud de Desestimación debido a Falta de Jurisdicción Sobre la Materia* y la *Comparecencia Especial en Solicitud de Conversión al Procedimiento Ordinario* y continué con los procedimientos, según lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones