EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jemir Alicea Aguayo Pomales<br><br>Peticionaria<br><br>vs.<br><br>R & G Mortgage Corp.<br><br>Recurrida | Certiorari<br><br>2006 TSPR 145<br><br>169 DPR \_\_\_\_ |

Número del Caso: CC-2006-52

Fecha: 20 de septiembre de 2006

Tribunal de Apelaciones:

        Región Judicial de Guayama

Panel integrado por su Presidente, la Juez Pesante Martínez, la Juez Feliciano Acevedo y el Juez Escribano Medina

Abogado de la Parte Peticionaria:

        Lcdo. José M. Acevedo Alvarez

Abogados de la Parte Recurrida:

        Lcdo. Luis E. Pabón-Roca
        Lcda. Marta D. Masferrer
        Lcdo. Ramón Luis Nieves

Materia: Despido Injustificado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jemir Alicea Aguayo Pomales

    Peticionaria

        vs.                   CC-2006-52    CERTIORARI

R & G Mortgage Corp.

    Recurrida

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 20 de septiembre de 2006

El 30 de septiembre de 2005, el Tribunal de Primera Instancia, Sala Superior de Guayama, dictó sentencia en un procedimiento sumario, por despido injustificado, instado por la aquí peticionaria Jemir Aguayo Pomales[1], al amparo de la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq*. En la sentencia dictada a esos efectos, el foro primario declaró con lugar la querella presentada por Aguayo Pomales contra su antiguo patrono, R&G Mortgage Corporation (en adelante, R&G), determinando que el despido de ésta no estuvo justificado; en consencuencia, el foro primario

---

[1] Copia de la notificación de la sentencia fue archivada en autos el 4 de octubre de 2005.

condenó a R&G a pagar a la querellante la mesada correspondiente y honorarios de abogado.[2] Oportunamente, R&G Mortgage presentó ante el referido foro una moción solicitando determinaciones de hechos y de derecho adicionales.[3] La misma fue declarada no ha lugar el 20 de octubre de 2005 y notificada el 26 de octubre de 2005.

El 23 de noviembre de 2005, R&G Mortgage presentó un recurso de apelación ante el Tribunal de Apelaciones. En la referida apelación cuestionó, en síntesis, la determinación del tribunal de instancia en cuanto a que el despido fue injustificado. En particular, alegó que la

---

[2] R&G Mortage había despedido a la querellante por, alegadamente, haber entregado información personal, no pública, de sus clientes a un tercero, el agente de seguros Jorge Steidel, quien no trabajaba para R&G. Según determinó el foro primario, R&G no rindió un reporte escrito en torno a los hechos y daños encontrados, al amparo de su política sobre información confidencial y privilegiada, ni estableció cómo se habían afectado sus intereses o la estabilidad de la institución. Por consiguiente, determinó que no habían mediado ninguna de las causas que permitían el despido.

[3] En síntesis, R&G solicitó al foro primario que hiciera determinaciones de hecho adicionales relacionadas a la persona a quien Aguayo Pomales hizo entrega de la información confidencial; en cuanto a que durante la vista Aguayo Pomales había testificado que conocía bien la política de confidencialidad de la institución; que éste admitió que la información no debía compartirse con terceros; y que hacerlo era contrario a la política de la institución. También se solicitaron determinaciones sobre la "Política sobre Información Confidencial" de la institución. En cuanto a determinaciones de derecho, se solicitaron, en síntesis, determinaciones sobre el Financial Services Modernization Act, 15 USC §§ 6801 *et seq.*, su protección a la intimidad de la información financiera de los clientes y el deber de las instituciones financieras de salvaguardar dicha confidencialidad.

sentencia no se sostenía por la prueba presentada durante el juicio. Por su parte, Aguayo Pomales presentó una solicitud de desestimación del recurso de apelación. Argumentó que el tribunal apelativo no tenía jurisdicción para atender el recurso ya que éste se había presentado 50 días luego de notificada la sentencia del foro primario. En específico, alegó que dentro de un procedimiento sumario, al amparo de la Ley Núm. 2, no resultaba procedente la radicación de una moción de determinaciones de hechos y derecho adicionales; razón por la cual la radicación de la misma por R&G Mortgage, no tuvo el efecto de interrumpir el término para acudir en apelación. En fin, Aguayo Pomales solicitó del foro apelativo intermedio que desestimara la apelación presentada por R&G Mortgage por falta de jurisdicción.

Examinada la solicitud de desestimación presentada, el Tribunal de Apelaciones la declaró no ha lugar. En la resolución que dictó a esos efectos, dicho foro no indicó las razones para esta determinación. Inconforme, Aguayo Pomales acudió ante este Tribunal mediante recurso de *certiorari*. En síntesis, señala que el referido foro apelativo incidió al no desestimar el recurso por falta de jurisdicción. Posteriormente, la querellante presentó una moción en auxilio de jurisdicción solicitando la paralización de los procedimientos a nivel del Tribunal de Apelaciones.

Expedimos el recurso y ordenamos la paralización de los procedimientos hasta que otra cosa dispusiéramos. Contando con la comparecencia de las partes, resolvemos.

I

El procedimiento sumario para los casos de reclamaciones laborales tiene como finalidad proveer al empleado un mecanismo procesal mediante el cual se aligere el trámite de las reclamaciones laborales presentadas contra su patrono, además de implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido de medios económicos para su subsistencia mientras consigue un nuevo empleo. Piñero González v. A.A.A., 146 D.P.R. 890 (1998); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996); Mercado Cintrón v. ZETA Communications Inc., 137 D.P.R. 737 (1994).

En numerosas ocasiones este Tribunal ha reiterado la importancia de la celeridad de los procedimientos en los casos de reclamaciones laborales de empleados instadas al amparo de la Ley Núm. 2. Lucero Cuevas v. San Juan Company, res. el 16 de mayo de 2003, 2003 TSPR 80; Ríos Moya v. Industrial Optics, 155 D.P.R. 1 (2001). Hemos reconocido, además, que precisamente la rapidez en la solución de dichos casos fue el propósito fundamental del legislador al aprobar la medida. Véase: Dávila v. Antilles Shipping, 147 D.P.R. 483 (1999); y 14 Diario de Sesiones

de la Asamblea Legislativa (Extraordinaria) (1961). En atención a ello, "hemos sido insistentes en señalar la importancia de respetar la naturaleza sumaria de este procedimiento de reclamación de salarios y no permitir que las partes desvirtúen dicho carácter especial y sumario". Dávila v. Antilles Shipping, ante, a la pág. 493.

Ello no obstante, y aun reconociendo que el propósito de la legislación antes citada es acelerar los procedimientos de reclamaciones laborales del empleado que los insta, este Tribunal ha expresado que el mencionado propósito no es una norma inflexible que impida un tratamiento distinto en situaciones donde los fines de la justicia así lo ameriten. Véase: Valentín v. Housing Promoters, 146 D.P.R. 712 (1998). Aunque es norma reiterada que el carácter reparador de este procedimiento requiere que la ley sea interpretada liberalmente a favor del empleado, hemos reconocido que no fue la intención del legislador imponer un trámite procesal inflexible e injusto para el patrono querellado. Piñero González v. A.A.A., ante, Piñero González v. A.A.A., ante, a la pág. 903; Rivera v. Insular Wire Products, ante, a la pág. 925.

Como consecuencia de lo antes expresado, en varias ocasiones nos hemos enfrentado a situaciones en que se ha planteado la aplicabilidad, o no, de varias de las Reglas de Procedimiento Civil al referido procedimiento sumario. Lo anterior, en vista de lo dispuesto por la Sección 3 de la Ley Núm. 2, 32 L.P.R.A. sec. 3120, a los efectos que en

los casos tramitados con arreglo a dicho procedimiento de reclamaciones laborales aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento establecido en la Ley o con el carácter sumario del procedimiento. De hecho, de la propia Ley Núm. 2 surge, de forma clara, que las Reglas de Procedimiento Civil, que no sean contrarias a alguna disposición específica del procedimiento, ni que atenten contra su naturaleza sumaria, son aplicables al mismo.

En Díaz v. Hotel Miramar, Corp. 103 D.P.R. 314, 321 (1975), al analizar la mencionada Sección 3, expresamos que para resolver si determinado trámite ordinario dispuesto por las Reglas de Procedimiento Civil puede o no ser aplicable al procedimiento sumario, hay que examinar si la regla procesal civil envuelta resulta conflictiva o contraria a alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento.[4]

---

[4] En dicho caso se resolvió que la Regla 45.2 (b) entonces vigente, sobre la notificación previa a la parte en rebeldía que hubiera comparecido al pleito y contra la cual se solicitaba se dictara sentencia, no era aplicable al procedimiento sumario. Indicamos como razón para ello, que concluir lo contrario atentaría contra el carácter rápido y sumario del procedimiento.

En el citado caso señalamos, además, que este Tribunal anteriormente había avalado la aplicación de la Regla 13.2 referente a la enmienda de las alegaciones para conformarlas a la prueba, las Reglas 6.3 y 10.4 sobre consolidación de defensas con relación a la Regla 13.1, relativa al permiso para enmendar las alegaciones, y la Regla 49.2 sobre el relevo de sentencia. Ibid, a las págs. 321-322.

Posteriormente, en Dávila v. Antilles Shipping, ante, nos enfrentamos a la controversia en cuanto a si la presentación de un recurso de *certiorari* para revisar una resolución interlocutoria, dictada dentro del procedimiento sumario, era contraria o desvirtuaba el carácter sumario que debía imperar en el procedimiento.[5] Resolvimos en la afirmativa. Al así hacerlo indicamos que la sobrecarga de casos pendientes ante los tribunales apelativos impedían la rápida solución de estos recursos y que por tanto, quedaba afectada la naturaleza sumaria del proceso. En consecuencia, concluimos que la parte que pretendiera impugnar tales resoluciones debía esperar hasta la sentencia final e instar el recurso pertinente a base del alegado error cometido.[6]

Dicha norma general de autolimitación, naturalmente, tiene sus excepciones. En casos en que la resolución haya sido dictada sin jurisdicción por el foro primario y en

---

[5] Según la vigente Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1, la facultad para revisar las resoluciones dictadas por el Tribunal de Primera de Instancia radica en el Tribunal de Apelaciones. No obstante, la Ley de la Judicatura aplicable al momento en que se presentó el recurso de *certiorari* en dicho caso, Ley Núm. 11 del 24 de julio de 1952, le otorgaba dicha facultad a este Tribunal.

[6] Sin embargo, la norma antes expuesta no fue aplicada retroactivamente ante los hechos particulares del caso ante la consideración de este Tribunal ya que en el mismo, el procedimiento había perdido su esencia "sumaria" debido al tiempo que había tomado la resolución final del asunto. Por consiguiente, expresamos que, en dicho caso particular, la revisión de la resolución interlocutoria dictada por el foro primario no afectaba el propósito perseguido por la norma de autolimitación establecida.

aquellos casos en los cuales los fines de la justicia requieran la intervención del foro apelativo --casos extremos en que la revisión inmediata disponga del caso o su pronta disposición, o cuando dicha revisión tenga el efecto de evitar una grave injusticia--, los tribunales apelativos tendrán facultad de revisar una resolución interlocutoria dictada por el foro primario dentro de un procedimiento al amparo de la Ley Núm. 2.

## II

En lo referente al procedimiento de apelación de las sentencias dictadas por el tribunal de instancia en casos instados bajo la mencionada Ley Núm. 2, la Sección 12 de la misma, 32 L.P.R.A. Sec. 3129, dispone que éstas serán revisadas conforme al procedimiento ordinario. Ello significa que, conforme a las Reglas de Procedimiento Civil, las sentencias dictadas por el foro primario en un procedimiento instado al amparo de la Ley Núm. 2 podrán ser revisadas presentando un recurso de apelación dentro del término jurisdiccional de treinta (30) días del archivo en autos de copia de la notificación de la sentencia dictada. Regla 53.1 (c), 32 L.P.R.A AP. III, R. 53.1.

De conformidad con el procedimiento civil ordinario, entre los remedios post sentencia disponibles a la parte adversamente afectada por una sentencia dictada por el tribunal de instancia, además del recurso de apelación

propiamente, se encuentra la presentación de una moción solicitando determinaciones iniciales o adicionales de hechos o de derecho, o solicitando enmiendas a las determinaciones ya hechas. Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3.[7] Por su parte, la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 43.4, dispone que cuando la parte afectada por la sentencia presente la antes mencionada moción, el término para solicitar la revisión de la sentencia quedará interrumpido.[8]

---

[7] La citada Regla 43.3 dispone lo siguiente:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia

[8] A esos efectos la referida Regla 43.4 establece que:

> Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53,

(Continúa . . .)

III

¿Procede que se apliquen las disposiciones de la Regla 43.3 --sobre mociones de determinaciones de hechos y conclusiones de derecho iniciales o adicionales-- luego de dictada una sentencia dentro de un procedimiento de reclamaciones laborales al amparo de la antes citada Ley Núm. 2?

Aun cuando la referida interrogante no ha sido resuelta, de forma directa y específica, por este Tribunal, existen decisiones nuestras que, cuando menos, intimaron el resultado, en la afirmativa, al que hoy llegamos. En Andino v. Topeka Inc., 142 D.P.R. 933 (1997), la querellante, luego de dictada una sentencia a favor del patrono dentro de un caso instado bajo el trámite sumario de la Ley Núm. 2, presentó una moción que tituló "Moción Solicitando Determinaciones de Hechos y de Derecho Adicionales, bajo la Regla 43.3 y de Reconsideración". Aun cuando la moción llevaba este título, en la misma no se especificaron las determinaciones de derecho que la querellante deseaba se realizaran. El foro de instancia la denegó mediante resolución a esos efectos. Diecinueve días luego del archivo en autos de copia de la notificación de la resolución denegando la moción, la querellante presentó

_____

para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas.

una apelación ante el entonces Tribunal de Circuito de Apelaciones. El referido foro determinó que, para que una moción al amparo de la Regla 43.3 tuviera efecto interruptor del término para recurrir en alzada, ésta tenía que ser una moción suficiente de su faz. En vista de que la moción presentada por la querellante no particularizaba las determinaciones de derecho deseadas, el referido foro desestimó el recurso por falta de jurisdicción.

En revisión, confirmamos la determinación del foro apelativo. En dicho caso establecimos, por vez primera, los requisitos para que una moción solicitando determinaciones de hecho y de derecho interrumpiera el término para apelar. A esos efectos expresamos que la misma debía constituir una "propuesta que exponga con suficiente particularidad y especificidad los hechos que el promovente estima probados y, fundarse en cuestiones sustanciales relacionadas con cuestiones de hecho pertinentes o conclusiones de derecho materiales."

De particular relevancia al presente caso, en _Andino_, ante, expresamos que la Regla 43.3 <u>no</u> tenía el propósito de aumentar el término jurisdiccional para apelar o presentar un _certiorari_, <u>sino que su razón de ser era</u> <u>brindarle al tribunal sentenciador la oportunidad de</u> <u>enmendar o corregir cualquier error cometido.</u>

Vemos, que en el caso antes citado --el cual, repetimos, se instó al amparo del procedimiento sumario de

reclamaciones laborales-- en ningún momento se cuestionó la facultad del tribunal de instancia para acoger una moción de determinaciones de hechos y de derecho ni su efecto interruptor para acudir en revisión de la sentencia dictada dentro de dicho procedimiento. En otras palabras, en Andino, ante, no se planteó que la moción bajo la Regla 43.3 fuese contraria a las disposiciones de la Ley Núm. 2 ni a la naturaleza sumaria del procedimiento.

En Carattini v. Collazo System Analysis Inc., res. el 3 de enero de 2003, 2003 TSPR 1, nos enfrentamos a un procedimiento, radicado al amparo de la Ley Núm. 2, en el que los empleados querellantes presentaron una moción de determinaciones adicionales de hecho y de derecho. El foro primario la acogió, emitió una resolución con ciertas determinaciones de hecho y conclusiones de derecho adicionales y dispuso que la misma enmendaba la sentencia originalmente dictada. Posterior a ello, el patrono querellado radicó una moción de determinaciones de hecho y conclusiones de derecho contra la "sentencia enmendada". La misma fue denegada de plano por el foro de instancia. El patrono presentó un recurso de apelación ante el Tribunal de Apelaciones. El mencionado foro, ante una moción de desestimación presentada por los querellantes, desestimó el recurso por, alegadamente, haberse presentado fuera del término jurisdiccional para acudir en apelación.

El patrono acudió entonces ante este Tribunal alegando, en síntesis, que su moción de determinaciones

adicionales de hechos y conclusiones de derecho tuvo el efecto de interrumpir el término para acudir en revisión de la sentencia enmendada. Este Tribunal, luego de reafirmar los requisitos expuestos en Andino para que una moción a esos efectos interrumpiera el término para apelar[9], esbozó la controversia en los siguientes términos: si luego de presentada y acogida una primera moción de determinaciones de hecho adicionales, procedía la presentación de una segunda moción a esos efectos y si ésta interrumpía el término para apelar.

Resolvimos que ésta segunda moción procedía en dos instancias: la primera, cuando las determinaciones a las que llegara el tribunal, luego de considerar la primera moción de determinaciones adicionales, tuviera el efecto de enmendar o modificar la sentencia original a los fines de alterar sustancialmente el resultado del caso o bien producir un cambio sustancial en la misma. La segunda instancia, cuando la primera solicitud de determinaciones de hecho adicionales, aun cuando no tuviera el efecto de modificar la sentencia original, incorporara nuevas determinaciones de hecho o conclusiones de derecho no incluidas en la sentencia original.

Vemos pues, que en este caso avalamos la facultad del foro de instancia para atender no una sino dos mociones de

---

[9] Esto es, que sólo una oportuna y bien formulada solicitud de determinaciones de hecho adicionales, es la que interrumpe los términos para interponer una apelación.

determinaciones de hecho y conclusiones de derecho adicionales dentro del procedimiento al amparo de la Ley Núm. 2.

IV

En el presente caso, R&G argumenta que la moción presentada, al amparo de las disposiciones de la Regla 43.3, tenía el propósito de ofrecerle al foro de instancia la oportunidad de enmendar su sentencia, de modo que reflejara la realidad de la prueba que desfiló ante sí, y las conclusiones de derecho que debían haberse emitido a tenor con la prueba desfilada en el juicio.

Por su parte, la peticionaria argumenta que, dentro del procedimiento establecido por la Ley Núm. 2, la única alternativa que tiene la parte inconforme con la sentencia es el recurso apelativo, ya que la presentación de una moción de determinaciones adicionales tendría el efecto de aumentar de forma impermisible el término jurisdiccional de treinta (30) días para recurrir en alzada y de atentar contra la naturaleza sumaria del procedimiento. Sostiene, además, que este Tribunal en el caso <u>Díaz</u> v. <u>Hotel Miramar</u>, ante, estableció cuáles eran las únicas Reglas de Procedimiento Civil aplicables a los procedimientos bajo la Ley Núm. 2. <u>No le asiste la razón a la peticionaria</u>.

Según señalamos anteriormente, en el caso de <u>Díaz</u>, ante, establecimos el estándar que debían aplicar los tribunales para establecer si determinada disposición de

las Reglas de Procedimiento Civil podía, o no, ser aplicada al procedimiento sumario. Para establecer dicho estándar, primero partimos de la base que la Sección 3 de la Ley Núm. 2 establecía una norma general a los efectos de que las Reglas de Procedimiento Civil pueden ser aplicadas al procedimiento sumario. Con ello en mente, lo que expresamos en cuanto a ese aspecto fue que para efectivamente aplicar una disposición en particular, había que examinar si la misma resultaba contradictoria, o no, con alguna disposición específica de la Ley Núm. 2 o el carácter sumario del procedimiento.[10] Aun cuando enumeramos una serie de Reglas de Procedimiento Civil que ya habían sido avaladas por este Tribunal, de ninguna forma lo hicimos con la intención de que el mismo fuera un listado taxativo. Ello significa que hay que examinar cada Regla, según se vayan presentado los casos, y hacer el análisis

---

[10] A modo de ejemplo, no podría aplicársele al procedimiento sumario Reglas que intervengan con las disposiciones de la Ley Núm. 2 que establecen términos cortos para contestar la querella; criterios estrictos para conceder una prórroga para contestar la querella; el mecanismo especial para el emplazamiento del patrono; la obligación de hacer una sola alegación responsiva; las limitaciones en el uso de mecanismos de descubrimiento de prueba; la prohibición de demandas o reconvenciones contra el obrero querellante; la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumple con los términos para contestar la querella; los mecanismos de revisión y ejecución de las sentencias y embargo preventivo. Lucero Cuevas v. San Juan Star Company, ante, escolio núm 3; Ruiz Rivas v. Col. San Agustín, ante; Rodríguez Aguiar v. Syntex, ante; Santiago v. Palmas del Mar, 143 D.P.R. 886, 892 (1997); Rivera Rivera v. Insular Wire Products, ante, a las págs. 923-24.

establecido en <u>Díaz</u> v. <u>Hotel Miramar</u>, ante, tomando en cuenta que la norma de celeridad y sumariedad del procedimiento no es una restrictiva e inflexible y que el norte a seguir para determinar la aplicación de una regla de las de Procedimiento Civil es que los casos sean resueltos de forma correcta y justa.

Debe mantenerse presente que la sentencia es el resultado de un proceso de reflexión y que las determinaciones que haga el juez, tanto de hecho como de derecho, reflejan, igualmente, el resultado de ese proceso. Como expresáramos en <u>Andino</u> v. <u>Topeka</u>, ante: "La experiencia nos enseña que, dentro de ciertos límites, puede discreparse de una apreciación fáctica o que hay espacio para una interpretación jurídica distinta; lo importante es evitar que prevalezcan dictámenes judiciales caprichosos faltos de fundamento o hijos de la irreflexión. Más allá de esa instancia, una sentencia explicada y fundamentada, facilita la función revisora del foro apelativo, al presentarle el cuadro fáctico claro que nutrió la conciencia judicial del juzgador".

Una moción bajo la Regla 43.3 se presenta para que el tribunal que dictó la sentencia pueda tener la oportunidad de corregir la misma, formulando determinaciones adicionales de hecho, a base de la prueba presentada en el juicio, o conclusiones de derecho pertinentes al fallo. Rafael Hernández Colón, <u>Práctica Jurídica de Puerto Rico</u>, <u>Derecho Procesal Civil</u>, San Juan: Michie de Puerto Rico,

1997, sec. 5001, pág. 314. Por esta razón, la moción puede ser solicitada como remedio *post* sentencia por cualquiera de las partes en un pleito, pues su propósito va dirigido a la consecución de un ideal de justicia exento de errores. Véase: Roldán v. Lutrón, 151 D.P.R. 883 (2000).

Resolvemos, en consecuencia, que luego de dictada la sentencia dentro de un procedimiento instado al amparo de la Ley Núm. 2, a ésta le son aplicables las disposiciones de la Regla 43.3 de Procedimiento Civil.[11]

V

Hemos examinado la moción presentada por R&G en el presente caso. La misma no solo fue presentada en tiempo sino que cumple con los requisitos de especificidad establecidos en Andino v. Topeka, Inc. ante. Por consiguiente, dicha moción efectivamente interrumpió el término para apelar, razón por la cual el foro apelativo intermedio tenía jurisdicción para atender la apelación presentada por R&G. El referido foro, en consecuencia, actuó correctamente al denegar la moción de desestimación presentada por la peticionaria Aguayo Pomales.

Conforme lo expuesto, procede dictar Sentencia confirmatoria de la resolución emitida en el presente caso

---

[11] Claro está, dicha moción tiene que cumplir con los requisitos de la Regla 43.3, esto es, ser presentada dentro del término de 10 días de la notificación de la sentencia y con los requisitos de suficiente especificidad establecidos en Andino v. Topeka, ante.

por el Tribunal de Apelaciones y devolver el caso al mencionado foro para la continuación de los procedimientos.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jemir Alicea Aguayo Pomales

    Peticionaria

        vs.                    CC-2006-52     CERTIORARI

R & G Mortgage Corp.

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 20 de septiembre de 2006

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia confirmatoria de la resolución emitida en el presente caso por el Tribunal de Apelaciones y se devuelve el caso al mencionado foro para la continuación de los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo