EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jack Javier Slim<br><br>Recurrido<br><br>v.<br><br>Royal Blue Hospitality, LLC H/N/C El Conquistador Resort-Puerto Rico<br><br>Peticionario | Certiorari<br><br>2025 TSPR 133<br><br>216 DPR ___ |

Número del Caso: CC-2025-0077

Fecha: 4 de diciembre de 2025

Representante legal de la parte peticionaria:

Lcdo. José R. Negrón Fernández

Representante legal de la parte recurrida:

Lcdo. Luis F. Del Valle Emmanuelli

Materia: Derecho Laboral – La fianza de no residente dispuesta en la Regla 69.5 de Procedimiento Civil es incompatible con el procedimiento sumario laboral dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| JACK JAVIER SLIM<br><br>Recurrido<br><br>v.<br><br>ROYAL BLUE HOSPITALITY, LLC<br>H/N/C EL CONQUISTADOR RESORT<br>-PUERTO RICO<br><br>Peticionario | CC-2025-0077 | *Certiorari* |

Opinión del Tribunal emitida por la Jueza Asociada Rivera Pérez.

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

El presente recurso nos permite, como última instancia interpretativa de las leyes, aclarar la aplicabilidad de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V., al procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA secs. 3118 *et seq*.

La Ley Núm. 2, *supra*, fue instituida como un mecanismo procesal para la rápida disposición y adjudicación de las reclamaciones laborales instadas por empleados en contra de sus patronos. El procedimiento sumario dispuesto en esta pieza legislativa se fortaleció, como mecanismo judicial expedito para resolver reclamaciones laborales, al limitar el uso y aplicación de las Reglas de Procedimiento de Civil. Sección 3 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3120. El marco de su aplicabilidad se delimita a todo aquello que no esté en

conflicto con las disposiciones específicas de la Ley Núm. 2, *supra*, o con el carácter sumario del procedimiento.

Por los fundamentos que discutiremos, resolvemos que la fianza de no residente dispuesta en la Regla 69.5 de Procedimiento Civil, *supra*, es incompatible con el procedimiento sumario laboral. Además, reiteramos los postulados aplicables a este mecanismo judicial expedito.

**I.**

El 8 de julio de 2024, el Sr. Jack Javier Slim presentó una querella contra su patrono, Royal Blue Hospitality, LLC h/n/c El Conquistador Resort-Puerto Rico, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como "Ley sobre Despidos Injustificados", 29 LPRA secs. 185a *et seq.*[1] La reclamación fue tramitada mediante el procedimiento sumario laboral establecido por la Ley Núm. 2, *supra*. En la querella se alegó que, desde el 16 de agosto de 2021, el señor Slim ocupó la posición de Director/Gerente General en el hotel El Conquistador, mediante remuneración y contrato sin tiempo determinado; y que fue despedido de su cargo sin que hubiere mediado justa causa.[2] Como remedio, el señor Slim solicitó una suma global de $69,800 por concepto de la mesada que dispone la Ley Núm. 80, *supra*, y el 25% en honorarios de abogado ($17,450). El patrono, Royal Blue, fue emplazado el 2 de agosto de 2024, mediante su agente residente, el Sr. Ángel Fullana Olivencia.[3]

---

[1] La Ley Núm. 4-2017, según enmendada, Ley de Transformación y Flexibilidad Laboral, reformó varios articulados de la Ley Núm. 80, *supra*.
[2] Véase apéndice del recurso, págs. 55-59. Entrada Núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), caso FA2024CV00760.
[3] Véase apéndice del recurso, pág. 66. Entrada 5 en el SUMAC.

El 29 de agosto de 2024, el señor Slim presentó *Moción para que se dicte Sentencia en rebeldía,* en la cual argumentó que Royal Blue no había presentado la contestación a la querella dentro de los 10 días siguientes a su presentación, tal y como lo exige la Sección 3 de la Ley Núm. 2, *supra*, por lo que, conforme a dicha disposición, procedía que se dictara sentencia en su contra concediendo el remedio solicitado, sin más citarle ni oírle.[4] No obstante, el foro primario, *sua sponte*, ordenó al señor Slim la prestación de una **fianza de no residente** por la cantidad de $1,500, al amparo de la Regla 69.5, *supra*, y paralizó los procedimientos hasta tanto se prestara la fianza.[5]

El 4 de septiembre de 2024, el señor Slim presentó una *Moción solicitando reconsideración de Orden imponiendo fianza de no residente y paralización de los procedimientos.* En síntesis, sostuvo que la imposición de la fianza dispuesta en la Regla 69.5 de Procedimiento Civil, *supra*, **no le era de aplicación a los casos de despido injustificado presentados por el trabajador al amparo del procedimiento sumario de la Ley Núm. 2, *supra*.**[6] Argumentó que, aun cuando se dicte sentencia a favor del patrono, por disposición de ley no se condenará al trabajador o empleado al pago de honorarios de abogado. Ese mismo día, el foro primario declaró con lugar la solicitud de reconsideración y ordenó al señor Slim (parte

---

[4] Véase apéndice del recurso, págs. 62-65.
[5] Véase orden del 3 de septiembre de 2024, Apéndice del Recurso a la pág. 67. Además, en esta orden se le apercibió que, si en el término de 60 días no se cumplía con lo ordenado, se desestimaría el pleito, sin perjuicio. Entrada 6 en el SUMAC. Destacamos que en la *Demanda* el señor Slim alegó residir en el Estado de la Florida en los Estados Unidos de Norte América.
[6] Véase apéndice del recurso, págs. 68-71. Entrada 7 en el SUMAC.

aquí recurrida) a presentar proyecto de sentencia.[7] Además, **ese día en particular, Royal Blue presentó *Contestación a la Demanda*[8] y, en escrito separado, solicitó la conversión del procedimiento sumario a uno ordinario; a su vez, alegó que los términos para contestar la querella estuvieron paralizados hasta el 4 de septiembre de 2024,** cuando el foro primario eximió al señor Slim del pago de la fianza de no residente.[9] También presentó *Respuesta a Moción Solicitando Reconsideración*, en la cual argumentó que la reconsideración interlocutoria era incompatible con el procedimiento sumario y peticionó que el pleito se tramitara por la vía ordinaria.[10]

Así las cosas, el 17 de octubre de 2024, el foro primario dictó *Sentencia* en rebeldía declarando "ha lugar" la querella por despido injustificado presentada por el señor Slim, y ordenó el pago de la mesada de $69,800, según fuese totalizada en la querella, así como una suma de honorarios de abogado, calculados al 25% sobre dicha cuantía total, que consistió en $17,450.[11]

---

[7] Véase apéndice del recurso, pág. 72. Entrada 8 en el SUMAC.

[8] Íd., págs. 73-80. Entrada 9 en el SUMAC.

[9] Íd., págs. 81-91. Entrada 10 en el SUMAC.

[10] Mediante Órdenes dictadas el 4 de septiembre de 2024, notificadas al día siguiente, el foro primario declaró No Ha Lugar a la oposición a la reconsideración presentada por Royal Blue y concedió término al señor Slim para expresarse sobre el petitorio para tramitar el pleito por la vía ordinaria. Véase apéndice del recurso, págs. 92-93. Entradas 15 y 16 en el SUMAC.

El 5 de septiembre de 2024, el señor Slim presentó *Oposición a Solicitud para que se ordene tramitar el caso por la vía ordinaria,* en la cual señaló que el único remedio solicitado en la *Demanda* era la mesada, cantidad igual a los salarios y beneficios dejados de percibir desde la fecha del despido hasta que el tribunal ordene la reposición en el empleo, además del 25% en honorarios de abogado, por lo que no se justificaba la conversión al procedimiento ordinario. Véase apéndice del recurso, págs. 95-98. Entrada 19 en el SUMAC.

[11] Véase apéndice del recurso, págs. 140-149.

En desacuerdo, Royal Blue instó recurso de *Certiorari* ante el Tribunal de Apelaciones.[12] El 28 de enero de 2025, dicho foro expidió el recurso y dictó *Sentencia* confirmando la anotación de la rebeldía a Royal Blue, por colegir que la contestación fue presentada de forma tardía. No obstante, modificó el dictamen, al devolver los autos al foro primario para la celebración de una vista evidenciaria, a los únicos fines de establecer el monto de la mesada mediante prueba del salario devengado por el señor Slim.[13] El foro intermedio consideró que en la demanda no se alegó el salario devengado para, de ese modo, sustentar el cálculo de $69,800 suplicado.

Aun inconforme, Royal Blue acude ante nos y plantea que el foro intermedio cometió los errores siguientes:

> Erró el Tribunal de Apelaciones al determinar que el TPI tenía jurisdicción para considerar, entretener y resolver una moción de reconsideración sobre una orden interlocutoria en un caso tramitado bajo el procedimiento sumario laboral de la Ley Núm. 2.
>
> Erró el Tribunal de Apelaciones al determinar que la fianza de no residente establecida en la Regla 69.5 de Procedimiento Civil no aplica a un caso tramitado bajo el procedimiento sumario de la Ley Núm. 2.
>
> Erró el Tribunal de Apelaciones al concluir que las alegaciones de hecho bien formuladas en la demanda de este caso son suficientes para concluir que el despido de Slim fue sin justa causa.
>
> Erró el Tribunal de Apelaciones al determinar que la representación legal de Slim tiene derecho a recibir en honorarios de abogado el 25% de la

---

[12] A este se le asignó el alfanumérico KLCE202401167. En síntesis, los errores señalados en este recurso están relacionados a la aplicabilidad de la Regla 69.5 de Procedimiento Civil, *supra*, y el trámite procesal dispuesto en la Ley Núm. 2, *supra*, así como con la imposición del 25% de honorarios de abogado en la sentencia dictada en rebeldía.
[13] Véase apéndice del recurso, págs. 3-22.

mesada sin acreditar las razones por las cuales debe recibir una cuantía superior al 15% de la mesada.

Expedido el auto de *certiorari*, y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. Carácter sumario de los procesos al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA secs. 3118 *et seq*.**

La Ley Núm. 2, *supra*, se creó con el fin de establecer un mecanismo procesal de rápida disposición y adjudicación para los casos de reclamaciones laborales instadas por empleados en contra de sus patronos. *Collazo Muñiz v. Aliss*, 2025 TSPR 22, 215 DPR _ (2025). Véase *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 206 (2021). Su creación es uno de los mecanismos utilizados para la implantación de la política pública del Gobierno de Puerto Rico de proteger al obrero y desalentar el despido sin justa causa. Véase, Exposición de Motivos de la Ley Núm. 133-2014.

En aras de salvaguardar la intención del legislador, recientemente reiteramos que los foros judiciales tienen la obligación de aplicar rigurosamente los términos taxativos provistos en dicho estatuto. "De ese modo, garantizarán la sencillez y celeridad de los procedimientos procurados por la Asamblea Legislativa en los casos de reclamaciones laborales". *Collazo Muñiz v. Aliss, supra,* pág. 13.

A los fines de dar cumplimiento a la celeridad que requieren estos procedimientos, la Ley Núm. 2, *supra*, acorta ciertos términos y condiciones que ordinariamente rigen

nuestro ordenamiento procesal civil. *Collazo Muñiz v. Aliss*, *supra*, págs. 5-6. Véase *León Torres v. Rivera Lebrón,* 204 DPR 20, 31 (2020).

Consonó con lo anterior, la Sección 3 de la Ley Núm. 2, *supra*, dispone claramente que:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. […]. 32 LPRA sec.3120.

Por tanto, y conforme a la Sección 4 la Ley Núm. 2, *supra*:

> [s]i el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. La sentencia a esos efectos será final y de la misma no podrá apelarse. […]".

En virtud de lo antes expuesto, hemos resuelto que:

> […]el incumplimiento con el plazo legal para contestar la querella o solicitar una prórroga juramentada impone al patrono querellado los efectos de la litigación en rebeldía, pues ya es norma reiterada que, en vista del lenguaje categórico de la Ley Núm. 2, *supra*, los tribunales no tienen discreción para negarse a anotar la rebeldía a un patrono. [nota alcalce omitida]. *Collazo Muñiz v. Aliss*, *supra*, págs. 6-7.

No obstante, en *Marín v. Fastening System. Inc.*, 142 DPR 499, 512-513 (1997), reiteramos que "el procedimiento sumario establecido por la Ley Núm. 2, *supra*, 'no es ni puede ser una

carta en blanco para la concesión de remedios a obreros que no han justificado adecuadamente, mediante alegaciones o prueba. hechos que avalen su derecho a lo reclamado'". Citando a *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 928 (1996).

Por lo cual, **las alegaciones conclusorias y determinaciones de derecho, al igual que los hechos incorrectamente alegados, no son suficientes para sostener una adjudicación en rebeldía a favor del demandante o querellante.** *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 937 (2008); *Rivera v. Insular Wire Products Corp.*, *supra*, pág. 932. Por el contrario, el tribunal sí puede dictar una sentencia en rebeldía cuando el querellante alega correctamente los hechos particulares que, de ser probados, sean demostrativos de que es acreedor al remedio solicitado. *Santiago Ortiz v. Real Legacy et al*, *supra*, pág. 207.

**B. Las Reglas de Procedimiento Civil y su aplicación al procedimiento sumario dispuesto en la Ley. Núm. 2, supra.**

La Ley Núm. 2, *supra*, también fortalece su carácter expedito al limitar el uso y aplicación de las Reglas de Procedimiento Civil. A esos efectos, la Sección 3 de dicha legislación también dispone que:

> [e]n los casos que se tramiten con arreglo [a esta ley], se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido [en] este título. Sección 3 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3120.

A la luz de lo anterior, para resolver si el trámite ordinario de las normas de procedimiento civil aplica o no al

procedimiento sumario, es necesario determinar si la regla es conflictiva o contraria con alguna disposición específica de la Ley Núm. 2, *supra*, y con su carácter sumario.

Como resultado, el caso de autos requiere que interpretemos si la Regla 69.5 de Procedimiento Civil, *supra*, es aplicable al presente trámite, o si, por el contrario, está en conflicto con el carácter sumario establecido en la Ley Núm. 2, *supra*, según intima la Sección 3 antes citada. "A través del referido artículo de ley, el legislador pretendió asegurar que mediante ningún mecanismo pudiera desvirtuarse el carácter sumario y de rápida resolución que impregna todo el procedimiento previsto en la ley". *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 493-494 (1999).

En lo pertinente, la Regla 69.5 de Procedimiento Civil, *supra*, dispone:

> Cuando **la parte reclamante** resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza **para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada**. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.[…]. [Negrilla suplida].

Como vemos, la citada regla ofrece una protección a aquellos demandados por personas que no son residentes de Puerto Rico, al **establecer una fianza cuya intención es que, del demandado prevalecer, pueda recuperar las costas, gastos, y honorarios de su defensa**. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 622 (2022). Véase además, *VS PR LLC v. Drift-*

*Wind*, 207 DPR 256, 261 (2021). Como regla general, la imposición de esta fianza es mandatoria y todo procedimiento queda suspendido hasta su prestación. *Martajeva v. Ferré Morris y otros, supra,* pág. 623.

Al respecto, hemos resuelto que los tribunales solo tienen discreción para establecer su cuantía, la cual no podrá ser inferior a mil dólares. Íd.

Con este marco de referencia, veamos si la imposición de esta fianza al obrero o trabajador que no resida en Puerto Rico es contraria o desvirtúa el carácter sumario que debe imperar en el procedimiento.

**C. Los honorarios de abogados en casos laborales.**

Como regla general, en nuestro ordenamiento la imposición o concesión de honorarios de abogado a la parte que prevaleció en un litigio depende de la determinación discrecional que haga el juzgador en torno a si la parte perdidosa, o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial que así lo disponga. *PR Fast Ferries et al. v. AAPP,* 213 DPR 103, 115 (2023). Véanse, *Corpak, Art Printing v. Ramallo Brothers*, 125 DPR 724, 736 (1990); además, la Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V.

En reclamaciones laborales, los honorarios de abogado están regidos por una ley especial, la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, conocida como *Ley que Regula la Concesión de Honorarios de Abogado en los Casos de Reclamaciones de Trabajadores o Empleados contra sus Patronos,*

32 LPRA sec. 3114, *et. seq*. La Asamblea Legislativa consignó en el primer articulado de esta legislación que:

> **permitir el cobro de honorarios de abogado a los trabajadores o empleados que se ven en la necesidad de reclamar contra sus patronos**, al amparo de la legislación laboral federal o local o convenio de trabajo de naturaleza individual o colectivo, **equivale a permitir que se reduzca el valor de su trabajo en la cantidad que paguen a sus abogados.** […]. [Negrilla suplida]. Artículo 1 de la Ley Núm. 402, *supra*, 32 LPRA sec. 3114.

Por ello, se establece como política pública del Gobierno de Puerto Rico, proteger a los trabajadores y empleados contra tales reducciones en el valor de su trabajo. Íd. A su vez, el Artículo 2 de la Ley Núm. 402, *supra*, claramente establece que, "[c]uando se dicte sentencia a favor del patrono querellado **no se condenará al pago de honorarios de abogado**, […]". [Negrilla suplida]. 32 LPRA sec. 3115. Véase, además, *Ortiz Valle v. Panadería Ricomini*, 210 DPR 831, 839 (2022).

Destacamos, además, que "[a] diferencia de otro tipo de reclamación en un pleito civil ordinario al cual le aplicaría la Regla 44.1 (d) de Procedimiento Civil vigente, los honorarios de abogado no dependen a su vez de una determinación de temeridad". C. Zeno Santiago & V. M. Bermúdez Pérez, *Tratado de Derecho del Trabajo*, T.I, Pubs. J.T.S. 2003, pág. 319. Por el contrario, cuando la sentencia es a favor del empleado, la imposición de honorarios de abogados al patrono es imperativa. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 295 (2011). Véase, también, *Ortiz y otros v. Mun. de Lajas*, 153 DPR 744, 751 (2001).

Por otro lado, en relación con las costas, gastos y honorarios, la Sección 15 de Ley Núm. 2, *supra*, 32 LPRA sec. 3132, dispone lo siguiente:

> **Todas las costas** que se devengaren en esta clase de juicios **serán satisfechas de oficio.**
> En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, **se condenará al querellado al pago de honorarios de abogado.** [Negrilla suplida].

En fin, en las reclamaciones laborales, **el pago de honorarios de abogados solo corresponde al patrono querellado, una vez recae sentencia a favor del obrero.** Además, en cuanto a las costas, cuando la reclamación es al amparo del procedimiento sumario establecido en la Ley Núm. 2, *supra*, **el patrono que prevalece no tiene derecho al cobro.**

Como surge de la Sección 15 de la Ley Núm. 2, *supra*, la concesión de costas en el proceso tiene que ser de oficio. Esto significa que, las alegaciones presentadas, según el procedimiento sumario laboral, no cancelan los Sellos de Rentas Internas ni otra índole. *Valentín v. Housing Promoters, Inc.*, 146 DPR 712, 718 (1998).

### III.

El caso de autos nos permite determinar si la exigencia de la fianza de no residente establecida en la Regla 69.5 de Procedimiento Civil, *supra*, es compatible con el procedimiento sumario laboral establecido en la Ley Núm. 2, *supra*. Para ello debemos evaluar si la naturaleza protectora y ágil del procedimiento laboral excluye la aplicación de esta fianza. Según hemos reiterado, dada la naturaleza especial y finalidad protectora de dicho mecanismo, su legislación e interpretación

imponen límites a la incorporación automática de reglas procesales ordinarias.

Como indicáramos, la fianza de no residente de la Regla 69.5, *supra*, tiene como finalidad **proteger a la parte demandada ante la posibilidad de no poder recuperar costas, gastos y honorarios de abogado**, cuando la parte demandante no reside en Puerto Rico. No obstante, a la luz del procedimiento sumario laboral y los estatutos aplicables, resulta incompatible imponer la garantía de la fianza de no residente al obrero que presenta una querella invocando los mecanismos de la Ley Núm. 2, *supra*. Como bien dispone la Ley Núm. 402, *supra,* cuando se dicte sentencia a favor del patrono, los honorarios de abogados no son recobrables y, conforme a la Sección 15 de la Ley Núm. 2, *supra*, las costas del litigio serán satisfechas de oficio, quedando demostrado la incompatibilidad de su requerimiento en estas causas.

De otra parte, en su propio contexto, surge la incompatibilidad de su imposición al obrero reclamante. Tanto la Ley Núm. 2, *supra*, como la Ley Núm. 402, *supra*, establecen que, aun cuando el patrono prevaleciera, este no tendría derecho a reclamar costas ni honorarios de abogado contra el empleado. Como indicáramos, la Sección 15 de la Ley Núm. 2, *supra*, dispone que las costas se satisfarán de oficio, y que los honorarios de abogado solo proceden cuando se dicta sentencia a favor del trabajador, no en su contra. Además, la Ley Núm. 402, *supra,* refuerza esta protección al disponer expresamente que no se impondrán honorarios de abogado contra el empleado, aun cuando el patrono prevalezca en el pleito.

Por tanto, carece de justificación legal imponer una fianza con el propósito de garantizar el cobro de partidas cuya imposición no procede en un caso obrero-patronal tramitado al amparo del procedimiento sumario de la Ley Núm. 2, *supra*. Incluso, su imposición, además de innecesaria e incompatible, podría menoscabar el acceso a la justicia del empleado.

A su vez, estaría en contra de la política pública estatuida por el gobierno al imponerle una carga económica adicional al obrero reclamante. Sin duda, la aplicabilidad de la Regla 69.5, *supra*, desvirtúa el carácter sumario y protector del procedimiento establecido en la Ley Núm. 2, *supra*.

En el caso que nos ocupa, el señor Slim presentó una demanda por despido injustificado al amparo de la Ley Núm. 80, *supra*, tramitada mediante el procedimiento sumario de la Ley Núm. 2, *supra*. Conforme a lo aquí resuelto y el marco legal aplicable, no procedía la orden interlocutoria imponiendo la fianza de no residente al señor Slim, por estar en conflicto con las leyes especiales antes reseñadas y en menoscabo del proceso sumario de la Ley Núm. 2, *supra*. Por tanto, incidió el Tribunal de Primera Instancia al imponerla. No obstante, reconsideró oportunamente su dictamen y dejó sin efecto la fianza, **por lo que dicho trámite no tuvo mayor consecuencia en el proceso.**[14]

---

[14] En el caso de autos, la solicitud de reconsideración no derrotó la característica sumaria de los procedimientos, ya que, como expresamos, la misma, fue atendida con celeridad y no tuvo efecto en el trámite sumario. Además, si se hubiese mantenido la imposición de la fianza, ello habría afectado y trastocado el carácter sumario dispuesto en la Ley Núm. 2, *supra,* y provocado una grave injusticia. *Díaz Santiago v. PUCPR et al.*,

En conclusión, no erraron los foros inferiores al concluir que la imposición de la fianza de no residente es incompatible con el procedimiento sumario laboral. En suma, el primer y segundo error no se cometieron.

Por otro lado, y como señaláramos, para garantizar la sencillez y celeridad de los procedimientos instados al amparo del procedimiento sumario, los tribunales tienen la obligación de aplicar rigurosamente los términos taxativos provistos por la Ley Núm. 2, *supra*. Conforme a lo establecido en la Sección 3, antes citada, 32 LPRA sec. 3120, la parte querellada es apercibida del corto término que tiene para contestar la querella. Además, esta sección claramente establece que a la parte también se le apercibirá que, de no contestar "se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle". Íd.

En el presente caso, la querella se presentó el 8 de julio de 2024 y **Royal Blue fue notificado el 2 de agosto siguiente con las debidas advertencias.** Por tanto, Royal Blue debió presentar la contestación en los 10 días subsiguientes a la notificación, **es decir, en o antes del 12 de agosto de 2024. No obstante, la presentó el 4 de septiembre de 2024, en exceso del término dispuesto en la Ley Núm. 2, *supra*, y sin haber solicitado prórroga, ni haber demostrado, bajo**

---

207 DPR 339, 349 (2021). Véase, también, *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-498 (1999).

**juramento, motivos que justificaran su tardanza, ambos elementos requeridos en el procedimiento sumario.**[15]

Por tanto, y conforme a derecho, una vez transcurrido el término para contestar la querella o la demanda, el Tribunal de Primera Instancia estaba impedido de tomar cualquier otra determinación que no fuese anotarle la rebeldía a Royal Blue. Nótese, que conforme surge de los escritos presentados por Royal Blue, este interpretó que los procedimientos estaban paralizados sin mediar un dictamen judicial al respecto.[16] Al así serlo, obvió el claro apercibimiento de que la contestación debía ser presentada en el término de 10 días. No podemos avalar tal proceder.

Ahora bien, como es conocido, la mesada es la indemnización a la que un empleado tiene derecho en caso de que sea despedido injustificadamente, y ésta constituye el remedio exclusivo.[17] El Artículo 1 de la Ley Núm. 80, *supra*, establece la fórmula para computar la mesada. 29 LPRA sec. 185a. **La cantidad depende de 2 factores: (1) el sueldo del obrero y (2) los años de servicio.**

Por lo cual, resolvemos a continuación, que los restantes errores señalados por Royal Blue en el presente recurso, no se cometieron.

---

[15] "Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga". Sección 3 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3120.

[16] La Regla 69.5 de Procedimiento Civil, *supra*, establece que el tribunal requerirá la prestación de la fianza y entonces, todo procedimiento en el pleito se suspenderá hasta su prestación.

[17] Véase *Santiago Ortiz v. Real Legacy et al*, *supra*, págs. 208-209 y casos allí citados.

El Tribunal de Apelaciones modificó el dictamen del foro de primera instancia para que este celebrara una vista evidenciaria con el propósito exclusivo de que el señor Slim sustentara el cálculo de la mesada, único remedio al amparo de la Ley Núm. 80, *supra*. "Esto, sin que se altere de manera alguna la correcta determinación de declarar *Ha Lugar* la solicitud de remedio de despido injustificado".[18]

En el presente caso, la consecuencia de que el peticionario no contestara dentro del término prescrito, sin acogerse a prórroga, es la anotación de la rebeldía y la concesión del único remedio solicitado, esto es, la mesada y los honorarios de abogados. De la querella presentada surgen los hechos necesarios para establecer el despido injustificado del señor Slim, sin embargo, la cuantía de la mesada fue alegada en una suma global sin detallar el sueldo ni el cálculo por el cual se llegó a dicho total.

Por tanto, no erró el Tribunal de Apelaciones al ordenar la celebración de una vista evidenciaria a los únicos fines de demostrar el cálculo de la cuantía alegada. En consecuencia, ninguno de los errores señalados fueron cometidos, y procede confirmar la sentencia dictada por el Tribunal de Apelaciones.

## IV.

Por los fundamentos antes expuestos, confirmamos el dictamen recurrido. En consecuencia, se devuelve el presente pleito al Tribunal de Primera Instancia para la celebración de la vista evidenciaria conforme a lo aquí dispuesto.

---

[18] Véase Sentencia del Tribunal de Apelaciones, KLCE202401167, pág. 19.

Se dictara Sentencia de conformidad.


                                        Camille Rivera Pérez
                                            Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| JACK JAVIER SLIM<br><br>Recurrido<br><br>v.<br><br>ROYAL BLUE HOSPITALITY, LLC<br>H/N/C EL CONQUISTADOR RESORT<br>-PUERTO RICO<br><br>Peticionario | CC-2025-0077 | *Certiorari* |

Sentencia

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, confirmamos el dictamen recurrido. En consecuencia, se devuelve el presente pleito al Tribunal de Primera Instancia para la celebración de la vista evidenciaria conforme a lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Candelario López emitió la siguiente expresión de conformidad, a la cual se unió el Juez Asociado señor Estrella Martínez:

"Estoy conforme con la determinación que emite hoy este Tribunal, pues entiendo que el foro intermedio estaba en lo correcto al denegar que se le impusiera la fianza de un no residente a un obrero presentando una querella contra su patrono por despido injustificado bajo el procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, pues se alinea con la intención de la ley de proteger al obrero y proveer un remedio rápido y eficaz.

Coincido en que la aplicación de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, desvirtúa el carácter sumario y protector del procedimiento establecido en la Ley Núm. 2-1961, *supra*. La finalidad compensatoria de la Regla 69.5

de Procedimiento Civil, *supra,* es proteger al demandado de los costos que podría generar un pleito instado por un no residente. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 622 (2022). Sin embargo, dicha finalidad carece de base jurídica en el marco de la legislación laboral. Ello pues no existe una necesidad legítima de garantizar mediante fianza la recuperación de partidas que, por disposición de ley, no proceden.

Así pues, la Regla 69.5 de Procedimiento Civil, *supra*, tiene cabida únicamente en los procesos ordinarios donde su propósito de protección económica al demandado mantiene sentido. Sin embargo, su aplicación a los procedimientos sumarios laborales socavaría la política pública de acceso ágil a la justicia y de protección al obrero, al imponerle una carga económica y un retraso procesal contrario a la intención legislativa.

En consecuencia, la *Opinión* que hoy emite este Tribunal da un paso firme en preservar el propósito de proteger al obrero y proveerle un remedio rápido y eficaz".


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo