ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **MARÍA DEL CARMEN TORRES QUIÑONES**<br><br>Recurrido<br><br>v.<br><br>**COOPERATIVA DE AHORRO Y CRÉDITO NUESTRA SEÑORA DE LA CANDELARIA h/n/c/ CANDELCOOP**<br><br>Peticionario | TA2026CE00040 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Arecido<br><br>Civil Núm.:<br>**MT2024CV01066**<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80), Procedimiento Sumario (Ley Núm. 2), Represalias Contra el Empleado (Ley 115) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de marzo de 2026.

Comparece ante este foro revisor, la Cooperativa de Ahorro y Crédito Nuestra Señora de la Candelaria h/n/c CandelCoop (Cooperativa o peticionaria) y nos solicita que revoquemos la *Resolución* emitida el 30 de diciembre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la moción de sentencia sumaria presentada por la Cooperativa.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* solicitado.

**I.**

Surge del expediente que, el 20 de diciembre de 2024, la Sra. María del Carmen Torres Quiñones (señora Torres Quiñones o recurrida), instó una *Querella* por despido injustificado y represalias contra la Cooperativa, acogiéndose al procedimiento sumario de la

Ley Núm. 2, *infra*. En esencia, la señora Torres Quiñones alegó que se desempeñaba como Gerente de la Cooperativa en la Sucursal Plaza Monte Real hasta que, el 29 de julio de 2024, fue despedida de manera abrupta e injustificada. Manifestó que, en enero de 2024, presentó múltiples reclamos relacionados con la grave falta de personal y recursos necesarios para cumplir con sus funciones, así como con la carga laboral excesiva y el ambiente laboral tóxico generado por las acciones opresivas de su supervisora inmediata. Sostuvo que esta última intensificó su hostigamiento mediante una campaña de difamación infundada en su contra, al acusarla falsamente de cometer irregularidades en transferencias, con el objetivo deliberado de dañar su reputación. Por lo anterior, solicitó la reinstalación en su empleo, el pago de salarios y beneficios marginales dejados de devengar, así como una penalidad doble por la gravedad de las violaciones alegadas.

Oportunamente, el 13 de enero de 2025, la Cooperativa presentó su *Contestación a la Querella*. En esta, negó la mayoría de las alegaciones en su contra y planteó que el despido de la señora Torres Quiñones estuvo justificado conforme a las disposiciones de la Ley Núm. 80, *infra,* y su jurisprudencia interpretativa. Alegó afirmativamente que la querellante realizó transacciones indebidas al utilizar su cajero para realizar transferencias entre cuentas familiares, saldo de préstamos y transferencias de cuentas de familiares a su cuenta personal. Añadió que dichas acciones estaban prohibidas por el Manual de Empleados y que su gravedad constituía, por sí sola, justa causa para el despido.

Luego de varios trámites procesales, el 3 de septiembre de 2025, la Cooperativa presentó una *Solicitud de Sentencia Sumaria*. En síntesis, alegó que no existía controversia de hechos materiales que impidiera resolver el pleito mediante dicho mecanismo y desestimar la querella en su totalidad. Señaló que la señora Torres

Quiñones había recibido varias amonestaciones durante su empleo, fue orientada sobre su incumplimiento con las normas de la empresa y advertida de que una violación grave adicional podría conllevar el despido. Sostuvo que, pese a ello, incurrió en conducta grave y negligente que desencadenó en su despido. Así, argumentó que el despido de la señora Torres Quiñones estuvo justificado, toda vez que respondió al interés legítimo de velar por el cumplimiento de sus normas y reglamentos, los cuales son razonables y están dirigidas a lograr sus objetivos corporativos.

En cuanto a la causa de acción al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, conocida como *Ley contra el Despido Injusto o Represalias a Todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, alegó que la señora Torres Quiñones no estableció un caso *prima facie* de represalias. Señaló que la querellante no participó en actividad protegida cercana a la fecha del despido y que esta reconoció no haber presentado queja alguna contra su supervisora antes de la terminación de su empleo. Ante ello, adujo que correspondía dictar sentencia sumaria a su favor y desestimar con perjuicio la totalidad de la querella.

Por su parte, el 9 de octubre de 2025, la señora Torres Quiñones instó una *Oposición a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria*. Arguyó que existía controversia en cuanto a si su despido fue injustificado y si la Cooperativa tomó represalias en su contra. Replicó que, aunque no presentó una queja formal por escrito, sí realizó múltiples reclamos de forma verbal. Sostuvo, además, que en los casos de despido injustificado, el peso de la prueba recae sobre el patrono, quien debe presentar prueba fehaciente que demuestre la conducta imputada y su contravención a los reglamentos de la empresa para justificar el despido. Concluyó que, dado que la Cooperativa no produjo evidencia de las alegadas

transacciones indebidas, correspondía denegar su solicitud y, en cambio, dictar sentencia sumaria a su favor.

Posteriormente, el 10 de noviembre de 2025, la Cooperativa presentó su *Réplica y Oposición de la Querellada a "Oposición a Moción de Sentencia Sumaria y Solicitud de Sentencia Sumaria".* Señaló que la oposición de la señora Torres Quiñones no cumplió con los requisitos de las Reglas de Procedimiento Civil, ya que no presentó evidencia admisible, ni determinaciones de hechos o de derecho que demostraran la existencia de una controversia material genuina que ameritara ser dirimida en un juicio. Así, reiteró los planteamientos esbozados en su petitorio sumario y sostuvo que la señora Torres Quiñones no establecido una causa de acción válida bajo la Ley Núm. 80, *supra,* ni un caso un caso *prima facie* de represalias bajo la Ley Núm. 115, *supra.*

Así las cosas, el 30 de diciembre de 2025, el foro primario emitió la *Resolución* aquí impugnada. Mediante la referida determinación, razonó que persistían controversias materiales respecto a las alegadas transferencias que motivaron el despido, pues del expediente no surgía evidencia que permitiera identificar de manera clara y verificable el número de identificación del usuario asociado a dichas transacciones, lo que impedía darlas por probadas para fines de la adjudicación sumaria. Además, señaló que la moción dispositiva de la señora Torres Quiñones fue presentada fuera del término establecido para ello. Por consiguiente, el tribunal denegó ambas solicitudes de sentencia sumaria.

En desacuerdo, el 9 de enero de 2026, la Cooperativa compareció ante este foro revisor mediante *Petición de Certiorari.* En este alega que el foro primario cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al determinar que existen controversias de hechos que impiden que se dicte sentencia sumaria a favor de la Peticionaria.

Erró el Tribunal de Primera Instancia al no determinar que en este caso no se configura una causa de acción válida de despido.

Erró el Tribunal de Primera Instancia al ni siquiera mencionar y/o al no determinar que en este caso no se configura una causa de acción válida de represalias.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

## A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los

criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*, provee un trámite especial para atender las querellas relacionadas con las disputas laborales presentadas por empleados u obreros en contra de sus patronos. *León Torres v. Rivera Lebrón*, 204 DPR 20, 31 (2020), citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018). El referido estatuto se creó con el fin de establecer un mecanismo procesal de rápida disposición y adjudicación este tipo de controversia. *Slim v. Royal Blue y otros*, 2025 TSPR 133, 217 DPR ___ (2025), citando a *Collazo Muñiz v. Aliss*, 2025 TSPR 22, 215 DPR ___ (2025). El carácter sumario constituye la médula de esta ley. *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 265.

Con el fin de cumplir cabalmente con la intención legislativa de establecer un procedimiento expedito y sumario, los Tribunales deben abstenerse de revisar las resoluciones interlocutorias que se dicten durante dicho proceso. En consecuencia, la parte que pretenda impugnarlas deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. En *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 498 (1999), nuestro Tribunal Supremo concluyó que la revisión de resoluciones interlocutorias resulta contraria al carácter sumario del procedimiento laboral de la Ley Núm. 2. Así, se reafirmó el deber de los tribunales de evitar que se desvirtúe la naturaleza sumaria del trámite y fomentar la intención del legislador en propiciar la

rápida disposición de las reclamaciones laborales. *Collazo Muñiz v. Aliss*, supra.

Ahora bien, esta norma de autolimitación no es absoluta, pues quedaron exceptuadas de dicha prohibición aquellas resoluciones dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la justicia así lo requieran. *Íd.,* pág. 498. En específico, el Tribunal Supremo de Puerto Rico dispuso que procede la revisión inmediata cuando hacerlo disponga del caso en forma definitiva o cuando tenga el efecto de evitar una grave injusticia. *Íd.*

### III.

En síntesis, la Cooperativa aduce que el foro primario erró al determinar que existían controversias de hechos que impedían dictar sentencia sumaria a su favor y al no concluir que en el presente caso no se configuraba una causa de acción válida por despido injustificado. De otra parte, sostiene que el foro primario también incidió al no emitir pronunciamiento alguno respecto a la causa de acción por represalias y al no determinar que esta tampoco se configuró. Arguye que de los hechos incontrovertidos determinados por el propio tribunal, resultó incuestionable que este contaba con todos los elementos fácticos necesarios para resolver el caso de autos a su favor por el mecanismo de la moción de sentencia sumaria y aun así identificó incorrectamente las controversias de derecho últimas del caso como controversias de hechos.

Tras examinar detenidamente los hechos particulares del caso, colegimos que no procede apartarnos de la norma general de autolimitación en el ejercicio de la función revisora que se nos requiere en pleitos de esta índole. Recordemos que la expedición del auto de *certiorari* es un remedio extraordinario y discrecional que solo procede cuando se cumplen los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Debido a que estamos ante una *Resolución* interlocutoria dentro de una causa de acción al amparo del procedimiento sumario de la Ley Núm. 2, *supra*, y que ninguna de las excepciones contempladas se encuentra presente en el caso de autos, denegamos la expedición del auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Una vez el Tribunal de Primera Instancia adjudique en su totalidad la causa de epígrafe, la parte que resulte adversamente afectada por la sentencia final podrá comparecer ante este Foro y solicitar la revisión tanto de dicha determinación como de las resoluciones interlocutorias emitidas durante el trámite del caso, si así lo estima procedente.

**IV.**

Por los fundamentos antes esbozados, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones