ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| LILIANA RÍOS CRESPO<br><br>Recurrida<br><br>V.<br><br>GARRIGA TRADING COMPANY, INC.<br>Y OTROS<br><br>Peticionario | TA2026CE00453 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.<br>VB2025CV00140<br><br>Sobre:<br>Despido injustificado, procedimiento sumario |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece Garriga Trading Company, Inc. (Garriga o peticionario) y solicita la revisión de una *Resolución* emitida el 31 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En el aludido dictamen, el foro primario denegó la solicitud de sentencia sumaria del peticionario para desestimar la *Querella* por despido injustificado instada por la señora Liliana Ríos Crespo (señora Ríos Crespo o recurrida) al amparo de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq*. El TPI concluyó que subsistían controversias de hechos materiales en torno a la credibilidad sobre las razones de la terminación del empleo de la recurrida que debían dilucidarse mediante la celebración de un juicio.

Por las razones que se exponen a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] Entrada Núm. 30 del caso VB2025CV00140 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 1 de abril de 2026. En dicho dictamen, el TPI igualmente denegó la solicitud de sentencia sumaria presentada por la señora Ríos Crespo.

Se prescinde de la comparecencia de la recurrida, a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## I.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio de Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio de Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et al.*, 202 DPR 478 (2019). A saber, procede la revisión de resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir.

La Regla 40 del Reglamento de este Tribunal, *supra*, dispone los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*, al considerar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio de Las Piedras, supra*, pág. 405.

En lo atinente al caso, la *Ley de Procedimiento Sumario de Reclamaciones Laborales, supra*, establece un procedimiento sumario para la rápida adjudicación de las reclamaciones laborales presentadas por empleados contra sus patronos relacionadas con los salarios, beneficios y derechos laborales. *Slim v. Royal Blue y otros*, 2025 TSPR 133, 217 DPR __ (2025); *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021); *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018); *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999). Debido a su naturaleza y finalidad, estas reclamaciones deben resolverse con celeridad. *Íd.* El referido estatuto acorta ciertos términos y limita la aplicación de las Reglas de Procedimiento Civil, *supra. Íd.*

Ante ello, la revisión de una resolución interlocutoria es contraria al carácter sumario de las reclamaciones laborales, por lo que la facultad revisora de los tribunales apelativos es limitada.

*Díaz Santiago v. PUCPR et al.*, *supra.* La revisión de resoluciones interlocutorias es contraria al carácter sumario de procedimiento laboral. *Medina Nazario v. McNeill Healthcare LLC*, *supra,* pág. 733; *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra.* La parte que interese su revisión debe esperar a la sentencia final para plantear el error alegado. *Íd.* No obstante, una resolución interlocutoria podrá revisarse mediante *certiorari* cuando: el foro primario actuó sin jurisdicción; la revisión inmediata dispone del caso en su totalidad o la revisión es necesaria para evitar una grave injusticia. *Íd.*

## II.

En el expediente del caso no surgió circunstancia alguna que justificara que este Tribunal apelativo se apartara de la norma de autolimitación judicial aplicable a los procedimientos sumarios laborales. Es norma trillada que en el contexto del procedimiento sumario de una reclamación laboral como la de autos, la revisión de asuntos interlocutorios es incompatible con el carácter expedito del trámite y solo procede en circunstancias excepcionales y muy limitadas, tales como ausencia de jurisdicción, cuando la revisión dispone del caso en su totalidad o cuando resulta necesaria para evitar una grave injusticia, las cuales no se encuentran presente en este recurso.

Además, el expediente no demostró que el TPI incurrió en error craso, abuso de discreción o actuó contrario a derecho al denegar la solicitud de sentencia sumaria de Garriga que ameritara la intervención apelativa al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, o de la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. Tampoco se aprecia que la actuación del TPI constituya un fracaso de la justicia que requiera que abandonemos la norma general previamente discutida sobre la abstención de revisar determinaciones interlocutorias en casos como el que nos ocupa. Por el contrario, intervenir en esta etapa

ocasionaría una dilación innecesaria en la solución final de la controversia, en contravención a los propósitos de la *Ley de Procedimiento Sumario de Reclamaciones Laborales, supra.*

**III.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones